FIRST NATIONAL BANK OF SUTTON, APPELLEE, v. JO-
HANNA GROSSHANS ET AL., APPELLANTS.

FILED MAY 4, 1898. No. 8082.

1. Married Women: ACTION ON CONTRACT: BURDEN OF PROOF. In an
action on the contract of a married woman, when the coverture
is established, the burden is on the asserting party to show the
liability of the wife—that the contract was with reference to or
with intent to bind her separate property.

2. ———: SEPARATE PROPERTY. The evidence in the case at bar ad-
judged insufficient to show a contract effective in relation to the
separate property of a married woman.

APPEAL from the district court of Clay county. Heard
below before HASTINGS, J. *Reversed.*

*Thomas Ryan* and *L. P. Crouch,* for appellants.

*Thomas H. Matters, contra.*

HARRISON, C. J.

In this action instituted in the district court of Clay
county for the appellee, the bank, it was sought to obtain
a decree that an instrument which was in form a deed
of conveyance of real estate was in effect a mortgage.
Its foreclosure was also prayed, that thereby satisfaction
might be had of an indebtedness evidenced by a promis-
sory note, the payment of which, it was asserted, was se-
cured by what was pleaded as a mortgage. It was al-
leged of the note and its origin that the Grosshans had
become indebted to one Peter Greiss in sums aggregating
$800, and on September 1, 1893, executed and delivered
to him the note pleaded in the action, as showing the
indebtedness, the enforcement of the payment of which
was sought herein. It was also stated that on September
1, 1893, "The said Peter Greiss, applied to this plaintiff
for the purpose of discounting said note, and the defend-
ants Johanna Grosshans, William Grosshans, Peter

Greiss, and Sophia Greiss, for the purpose of securing the payment of said note, at the request of the plaintiff, the defendant Johanna Grosshans then being the owner of lots 22, 23, and 24, in block 15, in the first addition to Sutton, Clay county, Nebraska, her husband, William Grosshans, defendant, made, acknowledged, and delivered to one M. L. Leubben, who was then and still is the cashier of the plaintiff, a deed conveying said lots to said M. L. Leubben, but in fact for and in behalf of the plaintiff and for the purpose of securing the indebtedness represented by said note, and the said Peter Greiss there and then, for the further purpose of further securing said note, together with his wife, Sophia Greiss, signed said deed of conveyance above described, and the said Peter Greiss there and then guarantied the payment of said note, as shown by the true and certified copy thereof, in words and figures following:

"'For value received I hereby guaranty the payment of the within note, and waive demand, protest, and notice of non-payment thereof.          PETER GREISS.'

"Fifth—And in consideration of the foregoing the plaintiff then and there discounted said note for said Peter Greiss, loaning him money thereon and extending him credit to the amount set forth in said note."

The property described in the deed was of record, and, in fact, of the estate of Henry and Elizabeth Hoffman, deceased, of whom Johanna Grosshans was one of the heirs. The estate was in process of administration, and the property was in possession of the administrator, and no distribution had been made at the time of the execution of the deed nor the commencement of this suit. The pleas for Johanna Grosshans were coverture, that the note was evidence of a debt of the husband, for the payment of which she was in no manner or degree liable; that for her signature to the note there was an entire lack of consideration; that it was not made with reference to her separate property, trade, or business, and neither she nor her separate property derived any benefit

therefrom.  There was in each of the answers denials that the deed had been given as, or was in fact, a mortgage.  In the district court there was a decree in favor of the bank, of which the following is an excerpt: "That on the 1st day of September, 1893, the said Johanna Grosshans and William Grosshans made, executed, and delivered to Peter Greiss their said promissory note for $800, as described in said plaintiff's petition, and that on the same day the said Peter Greiss discounted the said note and sold the same to the said plaintiff, and that the said Johanna Grosshans, being then the owner of lots 22, 23, and 24, in block 15, in the first addition to Sutton, Clay county, Nebraska, she, together with her husband, William Grosshans, for the purpose of aiding in the negotiation of said notes and to secure the said debt when it should become due, made, acknowledged, and delivered to M. L. Leubben, who was then the cashier of the bank of the plaintiff, a certain deed conveying the said lots above mentioned to the said M. L. Leubben, and while said deed was absolute in form it was made for the purpose of securing the indebtedness above stated and to be and operate as a mortgage for said purpose, and that for further securing said note the said Peter Greiss and Sophia Greiss, his wife, signed said deed of conveyance, above described, and the said Peter Greiss then and there guarantied the payment of said note as stated in said plaintiff's petition."

From the foregoing it is apparent that the decree was predicated on a finding of the truth of the facts alleged in the petition relative to the execution and delivery of the instrument in suit, the purposes of its creation, and the consideration therefor.  It will no doubt have been noticed that the note was in terms payable to Peter Greiss, and the grantee named in the deed in question was M. L. Leubben, and there was no apparent connection between the two instruments.  A careful examination of the evidence convinces us that it is wholly insufficient to sustain the finding to the extent it involves and ap-

plies to Johanna Grosshans, that she executed the deed
as a mortgage to aid in the negotiation or sale of the
note to the bank, or to secure the payment of the note
to Peter Greiss, or to establish that the deed was exe-
cuted by her as or for other than was disclosed by its
face.  After her coverture was shown, the burden was
on the appellee to show the liability of the married
woman—that the contract was entered into by her with
the intention to bind her separate estate.  (*Grand Island
Banking Co. v. Wright*, 53 Neb. 574; *Stenger Benevolent
Ass'n v. Stenger*, 54 Neb. 427; *State Nat. Bank·of Lincoln·
v. Smith*, 55 Neb. 54.)  This burden was not borne; the
proof was not produced; hence the finding was errone-
ous and the decree based thereon must be reversed.
With the issues as presented by the pleadings the evi-
dence was insufficient to support the decree.

REVERSED AND REMANDED.