STATE NATIONAL BANK OF LINCOLN V. MRS. H. C. SMITH.

FILED MAY 4, 1898. NO. 8069.

Married Women: SEPARATE ESTATE: NOTE. It is the settled doctrine
of this court that the signing of a promissory note by a married
woman does not raise the presumption that she intended thereby
to render her separate estate liable for its payment, nor that it
was given with reference to her separate property, trade, or busi-
ness, or upon the faith and credit thereof; and to an action upon
such note coverture is a complete defense, unless the plaintiff
shall establish by a preponderance of the evidence that the note
was made with reference to, or upon the faith and credit of, the
wife's separate estate or business, or with an intention on her
part to charge her separate estate with its payment. *Grand
Island Banking Co. v. Wright*, 53 Neb. 574, followed.

ERROR from the district court of Lancaster county.
Tried below before TIBBETS, J. *Affirmed.*

*Thomas Ryan*, for plaintiff in error.

*Benjamin F. Johnson, contra.*

RAGAN, C.

In the district court of Lancaster county the State Na-
tional Bank brought suit upon a promissory note against
M. Isabel Bond and Mrs. H. C. Smith. Mrs. Smith de-
fended the action upon the ground that she was a mar-
ried woman; signed the note sued upon as surety for Mrs.
Bond; that she did not receive, directly or indirectly, any
portion of the consideration for which the note was
given; that it was not given with reference to her sepa-
rate property, trade, or business, or upon the faith or
credit thereof, nor with intent on her part to thereby
charge her separate estate with its payment. The dis-
trict court found generally in favor of Mrs. Smith, and
the bank prosecutes error.

The evidence in the record sustains the finding of the
district court on which it based its judgment releasing
Mrs. Smith from liability on the note in suit, and the

case is therefore ruled by *Grand Island Banking Co. v. Wright*, 53 Neb. 574, and by *Stenger Benevolent Ass'n v. Stenger*, 54 Neb. 427. A rediscussion of the question would subserve no useful purpose whatever. It is the settled doctrine of this court that the signing of a promissory note by a married woman does not raise the presumption that she intended thereby to render her separate estate liable for its payment, nor that it was given with reference to her separate property, trade, or business, or upon the faith and credit thereof; and in an action upon such note coverture is a complete defense, unless the plaintiff shall establish by a preponderance of the evidence that the note was made with reference to, or upon the faith and credit of, the wife's separate estate or business, and with an intention on her part that her separate property should be bound for its payment.

JUDGMENT AFFIRMED.

RYAN, C., not sitting.