Smith v. Bond.

---

PAMELIA SMITH V. M. I. BOND ET AL.

FILED NOVEMBER 3, 1898.    No. 8378.

1. **Married Woman:** LIABILITY AS SURETY. In an action against a married woman on a note executed by her as surety for another, coverture is a complete defense, unless it be shown that such note was made with the intention on her part of binding her separate estate for its payment.

2. ——: ——: SEPARATE ESTATE: EVIDENCE. Evidence examined, and *held* sufficient to sustain the finding of the trial court that the note in suit was not made with reference to, nor upon the credit of, defendant's individual property.

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J. *Affirmed.*

*Thomas Ryan,* for plaintiff in error.

*B. F. Johnson, contra.*

SULLIVAN, J.

This was an action on a promissory note executed by M. Isabel Bond as principal and Mrs. H. C. Smith as

surety, to the plaintiff, Mrs. Pamelia Smith. The defendant Bond made no appearance in the case. H. C. Smith answered, pleading coverture. When the cause came on for trial a jury was waived, and the court, having heard the evidence, found generally in favor of the answering defendant, and specially that "prior to the signing of the note sued upon in this action, the plaintiff stated to the defendant H. C. Smith that she loaned the money, the consideration for which this note was given, to the defendant M. Isabel Bond upon the responsibility of the defendant H. C. Smith." A motion for a new trial was overruled and judgment rendered against the plaintiff on the general finding. By petition in error the record is presented to this court for review.

It was established beyond controversy at the trial that the note in suit was given for money loaned by the plaintiff to M. Isabel Bond, and that H. C. Smith was a married woman at the time she signed it. The transaction in question having no relation to the separate estate or business of the defendant Smith, she is not liable on the note unless she signed it intending thereby to bind her individual property for its payment. (*Grand Island Banking Co. v. Wright*, 53 Neb. 574, 74 N. W. Rep. 82; *Stenger Benevolent Ass'n v. Stenger*, 54 Neb. 427, 74 N. W. Rep. 846; *State Nat. Bank of Lincoln v. Smith*, 55 Neb. 54, 75 N. W. Rep. 51.) The only controverted question in the case then was whether Mrs. Smith, at the time she signed the note, intended to make it a charge upon her separate estate. The trial court found that she had no such intention, and the finding is sustained by direct and positive evidence. The fact embodied in the special finding affords, of course, a strong inference of an intention on the part of the surety that her property should be liable for the debt in case the principal made default, but it is not conclusive. The statement of the plaintiff, that she would make the loan on the responsibility of Mrs. Smith, was not made at the time the note was executed, but at some time prior thereto while the negotiations were pend-

ing. The plaintiff was not present when the note was signed, and there is no evidence bearing on the intention of Mrs. Smith at that particular time except her own evidence, which is to the effect that she signed to accommodate M. Isabel Bond and because—to quote her language—"it is customary to have a name on a note." She testified that she did not expect, or intend, to pay the debt in case Bond failed to pay it, and that she had no intention of making the note a charge upon her individual property. The judgment is not without sufficient support in the evidence and it is

AFFIRMED.