JAMES S. CLARK, APPELLANT, V. AUGUST HANNAFELDT ET
AL., APPELLEES.

FILED JULY 12, 1907. No. 14,877.

Mortgages: SUIT TO REDEEM: LIMITATIONS. An action to redeem from
the lien of a mortgage does not accrue to the mortgagor until
the mortgagee takes possession of the premises after default in
payment, and the action is not barred until ten years from the
date of such possession.

APPEAL from the district court for Knox county: JOHN
F. BOYD, JUDGE. Reversed.

M. F. Harrington and W. R. Butler, for appellant.

O. W. Rice and J. Koenigstein, contra.

DUFFIE, C.

This action was brought by the plaintiff to redeem certain lands in Knox county from the lien of a mortgage. The district court sustained a demurrer to the petition, and, the plaintiff electing to stand thereon, the action was dismissed at his cost. The petition alleges that William B. Truesdell was the owner of the land in 1887; that on said date Truesdell and wife executed and delivered to the Colonial & United States Mortgage Company a mortgage to secure the payment of the sum of $840; that the mortgage bore interest at 6 per cent. and matured January 1, 1901; that by certain mesne conveyances the title to said real estate was vested in the plaintiff June 7, 1890, and that the plaintiff is now the owner thereof in fee simple; that, upon obtaining his deed he took actual possession of the land, and on November 25, 1893, rented the same to August Hannafeldt for the term of five years by a written instrument duly filed and recorded in Knox county; that Hannafeldt continued in possession as tenant of plaintiff until July, 1896; that in the fall of 1896 the Colonial & United States Mortgage Company went into

possession of said real estate under its said mortgage, receiving and appropriating to its own use and benefit the rents, issues and profits of the same for that season; that in the spring of 1897 the defendant August Hanna- feldt went into possession of said real estate under a claim of being the successor in right of the Colonial & United States Mortgage Company, and has ever since that time occupied the same, receiving and appropriating to his own use the rents, issues and profits thereof; that a considerable part of the indebtedness secured by the mort- gage had been paid by plaintiff's predecessors in title; that plaintiff does not know, and has been unable to ascertain, the amount so paid or the amount of the indebtedness yet remaining unpaid; that he does not know, nor has he been able to ascertain, the amount or value of the rents, issues and profits of said real estate received and appro- priated by the defendant Hannafeldt and his predecessor in possession of said land, the Colonial & United States Mortgage Company; that the defendant claims to be the absolute owner of the land as well as the assignee and owner of the mortgage, and denies that plaintiff has any right, title or interest in the land, and also denies the plaintiff's right of redemption from the lien of said mort- gage, and declines to negotiate or deal with plaintiff as owner of the property, refusing to account to him for the rents and profits, or to recognize his right of redemption; that he is able, ready and willing to pay the amount remaining due on the mortgage, and admits a part of the indebtedness secured thereby is still due. He asserts that the defendant is the assignee and owner of the unpaid por- tion of the mortgage and is entitled to receive such portion of said indebtedness as has not been paid, and he offers to bring and pay into court for the defendant's benefit any sum that, on an accounting, may be found due on the mortgage.

Upon what theory the district court sustained the demurrer is not disclosed. The petition distinctly asserts that the mortgagee took possession in the fall of 1896, and

that defendants took possession as successors in interest of the mortgagee and as owners of the mortgage in the spring of 1897. The mortgage matured and was payable in January, 1901, and the plaintiff was entitled to pay it at that date. This action to redeem was commenced October 3, 1905, and within ten years from the date of possession taken by the mortgagee in 1896. An action to redeem a mortgage is barred in ten years from the time of taking possession by the mortgagee. In 2 Jones, Mortgages (6th ed.), sec. 1156, the rule is stated as follows: "The cause of action accrues when the mortgagee enters into possession, not when the money secured by the mortgage becomes due. Until then the plaintiff has no occasion for this remedy to regain possession. The possession may be explained, so that it is not so much the possession itself as the nature of it that operates as a bar to the right to redeem; but the presumption is that the possession is adverse after an entry upon a default in the mortgage. When the mortgagee has entered, not as mortgagee only, but by virtue of having a limited interest in the equity of redemption, as, for instance, a life estate, it is held that time will not run in his favor during the continuance of that interest, for it would be his duty to keep down the interest on his mortgage in favor of the remaindermen. As against the owner of the equity of redemption, the statute does not begin to run until the mortgagee takes actual and open possession of the mortgaged premises; and it does not begin then if he holds merely under his mortgage title and recognizes the mortgagor's right of redemption." This text is supported by numerous authorities, and the rule undoubtedly is that the statute does not run against an action to redeem until possession taken by the mortgagee. Hannafeldt's possession of the land previous to 1906 is distinctly alleged in the petition to be a possession as tenant of the premises. He was in under a five-year lease, and during his occupancy in that relation could not claim the benefit of the statute, as he could not deny his landlord's title.

The petition states facts sufficient to entitle the plaintiff to redeem from the mortgage, and the court erred in sustaining the demurrer.

We recommend a reversal of the judgment.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

REVERSED.