SAMUEL M. JACKSON, APPELLANT, V. CHARLES F. ROHRBERG ET AL., APPELLEES.

FILED JUNE 16, 1913.  No. 17,265.

Limitation of Actions: ACTION BY MORTGAGOR. The mortgagor's cause of action to quiet his title, recover possession, and redeem from the lien of the mortgage accrues when the mortgagee takes possession of the mortgaged property with color of title to the fee and claim of ownership, and the ten years' limitation of the statute will then begin to run.

APPEAL from the district court for Pierce county: ANSON A. WELCH, JUDGE. *Affirmed.*

*Fred H. Free, McGraw & Wilke* and *C. S. Polk*, for appellant.

*Douglas Cones, Mapes & Hazen, W. W. Quivey* and *M. H. Leamy, contra.*

SEDGWICK, J.

The plaintiff began this action in the district court for Pierce county to quiet his title, and recover possession of the real estate described, and to redeem the same from the lien of a mortgage. After some questions had been raised, the plaintiff filed an amended petition, and the defendants demurred thereto generally. The court sustained the demurrer, and, the plaintiff not pleading further, the action was dismissed, and the plaintiff has appealed, so that the only question presented is as to the sufficiency of the petition to entitle the plaintiff to the relief demanded.

The petition alleges that the plaintiff obtained title to the premises by deed on the 16th day of April, 1890. There is no allegation that he ever obtained possession, and the petition alleges that the defendants are in possession. The petition also alleges that in April, 1890, a mortgage company filed a petition in the district court for Pierce county to foreclose a mortgage upon the land, and that in May, 1890, a decree of foreclosure was entered in that action for the sum of $10,704.76, and that a sale was had thereunder, and pursuant thereto the sheriff executed a deed and delivered it to the plaintiffs therein, who afterwards conveyed to these defendants.

From these allegations it appears that these defendants and their grantors, as mortgagees, took possession of the land in the spring of 1891, with color of title, and claiming the title against this plaintiff and all others. The plaintiff's cause of action accrued when the mortgagees entered into possession under their claim of title. *Clark v. Hannafeldt,* 79 Neb. 566. This action was not begun until much more than 10 years thereafter. The plaintiff's

action was therefore barred by the statute of limitations, and the demurrer to his petition was rightly sustained.
The judgment of the district court is

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.