WILLIAM HENRY ESSEX, APPELLANT, V. GILBERT SMITH ET AL., APPELLEES.

FILED JANUARY 29, 1915. No. 17,963.

1. **Limitation of Actions**: MORTGAGE FORECLOSURE: REDEMPTION. The statute of limitations does not begin to run against mortgagor's right to redeem the mortgaged land from a void foreclosure sale, until possession is taken under the mortgage or the foreclosure.

2. **Adverse Possession**: PRESUMPTION: UNIMPROVED LAND. The law presumes that the holder of the legal title is in possession of unimproved and unoccupied land.

3. **Limitation of Actions**: ACTION QUIA TIMET: POSSESSION. The statute of limitations does not begin to run against an action to remove a cloud from the title of a landowner while he is in exclusive possession.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Reversed.*

*M. E. Crosby*, for appellant.

*J. G. Beeler* and *Wilcox & Halligan, contra.*

Rose, J.

The subject of litigation is a 300-acre tract of land in Lincoln county. In a proceeding to foreclose a mortgage thereon, the sheriff sold the land to Herman P. Chelins February 1, 1898, and on March 28, 1899, issued a sheriff's deed to the purchaser, who conveyed the land to Gilbert Smith. This is an action against Chelins, his grantee, and the latter's wife to quiet title in plaintiff, who alleges he acquired it through mesne conveyances from mortgagors. The trial court sustained a demurrer to the petition on the ground that the action was barred by the statute of limitations. From a judgment of dismissal, plaintiff has appealed.

Does the petition show on its face that the action is barred? It was filed May 21, 1912, and in substance alleges, in addition to the facts already narrated: The foreclosure was commenced June 6, 1898, after maturity of the unpaid debt. The judicial proceedings, including the sheriff's sale, were void for want of notice to defendants in the foreclosure suit. The only claim of title on part of defendants herein is based on the void judicial sale. The sheriff's deed was recorded March 28, 1899. Plaintiff offers to pay the mortgage debt and taxes. In the petition it is also alleged: "Prior to January 8, 1908, the said above-described premises were unoccupied, unimproved lands, and the said Herman P. Chelins, or any one claiming under him, had never gone into possession of said premises, had never placed any improvements on said premises, or caused any part thereof to be placed under cultivation, or exercised any right of possession over the same."

Other facts not material to the present inquiry are also pleaded in the petition. The invalidity of the foreclosure proceedings is not controverted on appeal. To justify the sustaining of the demurrer, defendants insist that the statute of limitations began to run from the maturity of the mortgage, as early as June 6, 1898, or at the latest from the recording of the sheriff's deed March 28, 1899 and that,

reckoning from either date, the ten-year period expired before the petition herein was filed May 21, 1912. In support of these propositions defendants cite: *McKesson v. Hawley*, 22 Neb. 692; *Morrow v. Jones*, 41 Neb. 867; *Pleasants v. Blodgett*, 39 Neb. 741; *Eayrs v. Nason*, 54 Neb. 143.. On the contrary, plaintiff argues that the statute of limitations did not begin to run until defendants entered into possession of the premises January 8, 1908, and that therefore the action is not barred.

The cases cited do not control the decision in the present case. The contention that the cause of action accrued on the maturity of the debt is at variance with a recent decision of this court. In *Clark v. Hannafeldt*, 79 Neb. 566, the syllabus reads: "An action to redeem from the lien of a mortgage does not accrue to the mortgagor until the mortgagee takes possession of the premises after default in payment, and the action is not barred until ten years from the date of such possession." That case was correctly decided, and the principle of law applicable to the facts should be stated thus: The statute of limitations does not begin to run against mortgagor's right to redeem the mortgaged land until possession thereof is taken under the mortgage.

The position that the statute of limitations begins to run from the recording of the sheriff's deed is likewise untenable. Defendants herein were not in possession prior to January 8, 1908. The title was in plaintiff. The law presumes that the holder of the legal title is in possession of unimproved and unoccupied land. *Butler v. Smith*, 84 Neb. 78; *Herbage v. McKee*, 82 Neb. 354; *Troxell v. Johnson*, 52 Neb. 46; *Yorgensen v. Yorgensen*, 6 Neb. 383. In contemplation of law plaintiff was in exclusive possession prior to the adverse entry of defendants January 8, 1908. The void sheriff's deed was a continuing cloud upon his title. The statute of limitations does not begin to run against an action to remove a cloud from the title of a landowner while he is in exclusive possession. *Batty v. City of Hastings*, 63 Neb. 26; *Dringman v. Keith*, 86 Neb. 476; *Clark v. Hannafeldt*, 79 Neb. 566; *Jackson v. Rohrberg*,

94 Neb. 85. On the face of the petition the action is not barred.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

MORRISSEY, C. J., not sitting.