ELLEN O'CONNOR, REVIVED IN THE NAME OF MARY O'CONNOR LYNCH ET AL., ADMINISTRATORS, APPELLEES, V. LORA POWER ET AL., APPELLEES: UNITED STATES NATIONAL BANK OF OMAHA, APPELLANT.

FILED MARCH 23, 1933. No. 28298.

*Morsman & Maxwell,* for appellant.

*W. H. Herdman* and *Wear, Moriarty, Garrotto & Boland, contra.*

Heard before GOSS, C. J., DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DAY, J.

This is a foreclosure suit in which the only question involved is the priority between two mortgages. In a former opinion, *ante,* p. 113, the nature of the case was set out in full. We shall refer hereafter to the owner of the fee as Power, the holder of the first mortgage as O'Connor, and the second mortgage as the bank. Formerly, the court held that, since the first mortgage had not been refiled, as provided by section 20-202, Comp. St. 1929, the bank, being a subsequent incumbrancer for value, acquired a prior lien to the first mortgage. Power executed the O'Connor mortgage April 1, 1914. The interest on this mortgage was paid up to April 1, 1923. This suit was filed January 29, 1927. Therefore, as between the parties Power and O'Connor, the mortgage, and the note secured thereby, is valid and enforceable.

Power executed the mortgage to the bank on the 30th of October, 1926, which mortgage was second in point of time to the O'Connor mortgage, and contained the provision in the granting clause that it was "subject to the balance due on the mortgage for $3,000 to John C. Fetzer." O'Connor stands in the shoes of Fetzer by virtue of an assignment. Is the bank estopped by the foregoing recital to question the priority of O'Connor's mortgage?

In *McNaughton v. Burke,* 63 Neb. 704, we held: "A conveyance of real estate subject to a mortgage is, in substance, a conveyance of so much of the property only as is not required for the satisfaction of the mortgage debt." The court cited *Hartley v. Harrison,* 24 N. Y. 170, and quoted from it as follows: "A conveyance of land

subject to a mortgage * * * is neither more nor less than a simple deed of whatever interest or estate the grantor has after the debt is satisfied out of it." And our court continues: "The land having come to the company burdened with the mortgage, it cannot now repudiate its contract to hold subject to the mortgage; it cannot claim under the deed and at the same time deny the validity of the clause limiting the interest conveyed; in short, it cannot, consistently with equity and good conscience, assert that it is the owner of an interest which it neither bought nor paid for." While the identical equities are not found in the instant case, the situation is somewhat analagous. The bank loaned money upon the equity of Power, at which time O'Connor had not refiled his mortgage, which was a valid subsisting lien as between the parties, valid as to everyone except as to "subsequent purchasers and incumbrancers for value." Recognizing the obligation of an honest debt, Power executed a second mortgage to the bank, which was executed subject to the O'Connor mortgage.

The appellant relies upon *Wallber v. Caldwell*, 79 Neb. 418,. *Nelson v. Becker*, 32 Neb. 99, *Wyman v. Searle*, 88 Neb. 26, and *Fort Scott v. Hickman*, 112 U. S. 150, as authority for the proposition that a recital in a mortgage that it is subject to any balance due on the prior mortgage did not operate to stay the running of the statute of limitations as against the lien of its mortgage nor estop it from contesting O'Connor's lien. The cases cited are authority for the proposition that such a recital in a deed is not an acknowledgment of the indebtedness sufficient to toll the statute of limitations, as such acknowledgment must be made to the creditor or to some one authorized to represent him. The basis of the decision in these cases was that a mere recital was not such an acknowledgment as to be effective, since it was made to a stranger, rather than the creditor or some one acting for him. In these cases, the mortgagee was permitted to assert the invalidity of a prior mortgage.

The prior mortgage was not a valid subsisting lien against the property and the recital in the deed was not sufficient to restore its validity as between the parties. In the instant case, the mortgage debt of O'Connor was a valid subsisting lien upon the property and was a valid obligation of the mortgagor. In what better way could an honest debtor deal fairly with his creditor? Power attempted to do just this, and in the execution of the mortgage to the bank, which obligation he recognized at that time and had recognized by payment of interest within such time as to toll the statute of limitations, and, with a desire not to impair O'Connor's security, executed the mortgage to the bank with the recital in the granting clause that it was subject to the balance due on the first mortgage. *Fort Scott v. Hickman,* 112 U. S. 150, was a case of a Kansas mortgage and determined according to Kansas law, and yet Kansas recognizes the distinction, for in *Moffatt v. Fouts,* 99 Kan. 118, it was held: "Ordinarily a mortgagee may assert the invalidity of a prior mortgage, but he is estopped to do so where his mortgage contains an express recital that it was taken subject to the prior mortgage." In *Howard v. Robbins,* 170 N. Y. 498, it was held that, where a mortgage recites that it is subject to a prior mortgage made by the same mortgagor, the mortgagee does not acquire as security for its loan anything more than the equity of redemption after the discharge of the first mortgage. Again, in *National Hardware Co. v. Sherwood,* 165 Cal. 1: "Where a person accepts a mortgage which recites that it is subject to another mortgage on the same property, he is estopped thereby and is not allowed to defeat or impair the other mortgage by denying its priority or validity at the time he took it to the amount of it as recited in his own mortgage." That is undoubtedly the correct rule in this state, unless the rule is modified by section 20-202, Comp. St. 1929. We are of the opinion that the statute has more to do with record notice of mortgages than to operate as a statute of limitations. The language of the statute is

that, if the mortgage is not refiled within ten years from the date the cause of action accrues, it shall cease to be notice of the mortgage as unpaid, and the lien thereof shall cease absolutely as to subsequent purchasers and incumbrancers for value. In the instant case, the mortgagor, Power, had kept the mortgage debt to O'Connor alive by the payment of the interest. He recognized the obligation as binding upon him, and he unquestionably intended to keep the mortgage lien of O'Connor alive, because, when he executed the mortgage to the bank, he made it expressly subject to the O'Connor mortgage and the bank accepted it upon that basis. There is not any question of the notice of the filed mortgage, because the bank had the most effective notice that could have been given, which was a reservation by the mortgagor of the interest in the property intended to be subject to the lien. While the mortgagee may ordinarily assert the invalidity of a prior mortgage, when that mortgage is a valid subsisting lien between the parties, and there are no intervening equities, he is estopped to question its priority when his mortgage contains an express recital that it is given subject to the prior mortgage. For the reasons stated herein, the judgment of the court heretofore rendered is vacated, and the judgment of the district court is

AFFIRMED.