NEVADA D. HATCH, APPELLEE AND CROSS-APPELLANT, V. THIRZA C. ELY ET AL., CROSS-APPELLEES: GEORGE D. BEYER, APPELLANT AND CROSS-APPELLEE.

FILED DECEMBER 23, 1936. No. 29777.

*Neighbors & Coulter,* for appellant.

*Joseph B. Boe* and *Fisher & Fisher, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY and PAINE, JJ., and CHAPPELL, District Judge.

PAINE, J.

This is an appeal from a decree of foreclosure.

The evidence discloses that on September 22, 1919, Moses P. Hatch and his wife, Nevada, sold 939.36 acres of land in Morrill county to Thirza C. Ely for $25,000. A warranty deed was made to the purchaser, who with her husband gave back a note and mortgage for $18,000 to the seller. The buyer was unable to pay either the taxes or the interest upon the note and mortgage, and Thirza C. Ely and her husband, Ray, met Moses P. Hatch and his son Martin in Bridgeport, Nebraska, on September 3, 1921, and, to settle the matter between the parties, Thirza C. Ely and husband reconveyed all of the same land by warranty deed to Moses P. Hatch in consideration of the surrender and settlement of the note and mortgage for $18,000. The Elys testify that the note and mortgage were surrendered when they reconveyed the premises, and that the mortgage was destroyed by them. However, it appears that the note was not destroyed.

Vinnie M. Johnson, the daughter of Nevada D. Hatch, plaintiff and appellee, testified that she lived with her mother on this land northwest of Angora from about April 8, 1926, to January, 1928, and that her mother's papers were in a box in her possession during that time. That on the 29th or 30th day of January, 1928, Sheriff E. L. Davis, in ejecting them off the place, took her mother's things and threw them out on the prairie, and she picked up this box

which had been thrown out on the prairie, and found in it this old note, exhibit No. 2, for $18,000, but did not disclose this fact to her mother until some years later.

A son, Martin G. Hatch, testified that he did not personally return the note and mortgage to the Elys on September 3, 1921, in McDonald & Irwin's office when the Elys deeded back the property, and that he did not see his father give it back, but on cross-examination admitted that in an affidavit, signed before Ruth Burgess, a notary public, on May 24, 1933, he had made the statement that the deed of the Elys, conveying the property back to his father, was signed by the Elys before George W. Irwin in his presence, and that at the time his father, Moses P. Hatch, had in his possession the $18,000 note and the mortgage deed given to secure the same, and that Moses P. Hatch in his presence delivered up and turned over to the Elys the note and mortgage, but it appears that the mortgage was never released of record. After the Elys deeded the land back, the Hatches immediately moved to and took up their residence thereon, and lived on the same as a homestead for six or seven years, during which time Moses P. Hatch became indebted to the Nebraska State Bank of Bridgeport, which bank secured a judgment against him and levied upon this land and sold it at sheriff's sale, the bank bidding in the premises. Nevada D. Hatch intervened and had her homestead interest therein determined to be of the value of $2,000, and said amount was thereupon paid into court for her benefit. The Nebraska State Bank sold and conveyed the premises to James P. Spearman, who gave back a mortgage thereon to George D. Beyer, and upon default said Beyer foreclosed said mortgage and purchased the property at sheriff's sale, and since said time has owned and occupied the same. Nevada D. Hatch instituted several actions in the district court for Morrill county, Nebraska, and alleged in each of said actions that the premises involved in the case at bar were the property of her deceased husband, Moses P. Hatch, free and clear of all liens except her homestead interest therein of $2,000.

It was deemed necessary to set out these facts as leading up to the case at bar.

On May 12, 1933, Nevada D. Hatch brought a foreclosure suit against the Elys, George D. Beyer et al., and alleged that the $18,000 mortgage was uncanceled and unreleased of record and was still in full force and effect, and that she was the owner of an undivided one-half interest in said note and mortgage, and asked to have said mortgage decreed a first lien upon the premises. On May 16, 1933, Thirza C. Ely and Ray T. Ely, her husband, entered their voluntary appearance, conditioned that no deficiency judgment be taken against them.

After a motion and demurrer had been overruled, George D. Beyer and Grace Beyer, his wife, filed an answer, alleging that the warranty deed given back to Hatch was made on the sole consideration of the full and complete satisfaction, payment and release of the mortgage of $18,000 given by the Elys; that the Hatches entered into full possession as fee owner of said real estate; that more than eleven years expired since the property was deeded back to Hatch, and before the petition was filed in the case at bar, and said mortgage is barred by the statutes of limitation, and it is the prayer of the answer that the action be dismissed and the mortgage be canceled and discharged of record and the title quieted in Beyer. To this answer the plaintiff filed a very full reply, denying all such allegations.

After trial a decree was entered, finding that the plaintiff was the owner and holder of an undivided one-half interest in the $18,000 mortgage; that the same was unreleased and unsatisfied.

The defendant and appellant, George D. Beyer, set up as ground for reversal that the court erred in not directing a verdict for the defendants at the conclusion of the plaintiff's evidence; that the decree is not sustained by sufficient evidence, and that the action is barred by the statutes of limitation.

The abstract of title shows that Moses P. Hatch homesteaded 480 acres of this land and received a patent from

the United States on January 24, 1913, Nevada D. Hatch having no interest therein except her homestead interest; that on February 23, 1912, Moses P. Hatch purchased from Allison C. Johnson and wife a tract of 459.36 acres, Nevada D. Hatch having no interest therein except her homestead right.

Nevada D. Hatch was asked whether she ever made any demand on the Elys to pay any part of the note or interest, and her answer was: "Well, I didn't see why I should ask them for any when I supposed they settled the debt. I supposed it was settled."

The appellee calls our attention to the case of *Bliss v. Schlund,* 123 Neb. 253, 242 N. W. 436, being an action in specific performance by the receiver of the Nebraska State Bank of Bridgeport to compel H. F. Schlund to carry out a contract he had made for the purchase of the same land involved in the case at bar. Schlund refused to accept the deed because the $18,000 mortgage was unreleased of record. It was shown in the opinion filed in that case that Moses P. Hatch died June 23, 1927, an inmate of the State Hospital at Ingleside, and that after his death the sheriff levied upon the land, advertised and sold the same without any revivor of the judgment in the name of the heirs of said Moses P. Hatch, and that in *Dougherty v. White,* 112 Neb. 675, 200 N. W. 884, it was held that after the death of a judgment debtor the judgment must be revived against the persons who took title to the real estate of said deceased, and that in this case there was no such revivor. For this and several other reasons set out in said opinion, it was held that the title was not a merchantable title, and the judgment of the district court requiring the appellants to accept the deed thereto was reversed.

Section 20-202, Comp. St. 1929, provides that an action for the foreclosure of a mortgage can only be brought within ten years after the cause of action shall have accrued, and the question at once arises, when did the cause of action accrue?

There is no dispute that the defendants Ely were in de-

fault of the payment of interest and taxes in September, 1919; that said default was recognized and settlement demanded, and under the terms of the mortgage the plaintiff and her husband had the option to declare the full amount due and demand payment of the entire indebtedness.

Moses P. Hatch and Nevada D. Hatch, through her husband and her son, Martin G. Hatch, as her agents, thereupon elected to and did demand the payment of the note and mortgage in full, and the Elys, not being able to pay the same, deeded back the premises on September 3, 1921, in full settlement of the note and mortgage, and Nevada D. Hatch and her husband soon thereafter took possession of the premises under said deed adversely to the mortgagors, and lived thereon for many years.

In our opinion the cause of action accrued on September 3, 1921, at the time of such election and demand by the mortgagees, and ten years from that date it was barred by the statutes of limitation (Comp. St. 1929, sec. 20-202), because the case at bar was not filed until in May, 1933. *Dickson v. Stewart*, 71 Neb. 424, 98 N. W. 1085.

In *Clark v. Hannafeldt*, 79 Neb. 566, 113 N. W. 135, it was said: "The cause of action accrues when the mortgagee enters into possession, not when the money secured by the mortgage becomes due."

In our opinion, the finding of the trial court that there is due to the plaintiff and appellee $17,415 upon her undivided one-half interest in said mortgage of $18,000, and decreeing that an undivided one-half interest in the land be sold to satisfy the judgment, should be reversed. The plaintiff's cause of action is hereby dismissed.

REVERSED AND DISMISSED.