ELLA ZARMSTORF FRANKLIN ET AL., APPELLEES, V. MARY ZARMSTORF, APPELLEE: WILLIAM NIEWOHNER ET AL., APPELLANTS.

15 N. W. 2d 190

FILED JULY 7, 1944. No. 31758.

E. L. *Mahlin* and N. H. *Mapes*, for appellants.

*Sidner, Lee & Gunderson, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

YEAGER, J.

This is an action by Ella Zarmstorf Franklin, Lily Zarmstorf, Elmer Zarmstorf, Edward Zarmstorf and Frederick Zarmstorf, plaintiffs and appellees, against Mary Zarmstorf, defendant, William Niewohner, Nora C. Heyne Foy and Frank A. Foy, defendants, cross-petitioners and appellants, wherein plaintiffs sought foreclosure of certain mortgages upon the north half of the southwest quarter of section 20 and the east half of the southeast quarter of section 19, township 20, range 6, east of the sixth P. M. in Dodge county, Nebraska, given to secure the payment of certain promissory notes claimed to be owing by Mary Zarmstorf to the plaintiffs. In the petition it was declared that the other defendants claimed some interest in the real estate, hence they were made parties to the action. By answer and cross-petition the defendant William Niewohner claimed that he had an interest in 120 acres of the described real estate by virtue of a written contract of sale entered into by and between him and Mary Zarmstorf, which contract he was entitled to have specifically enforced, and that one of the mortgages sought to be foreclosed was unenforceable and conclusively presumed to have been paid and discharged. By answer and cross-petition the defendant Nora C. Heyne Foy claimed that she had an interest in 40 acres of the described real estate created in the same manner as was claimed by Niewohner, and she made the same claim with reference to one of the mortgages. She also asked for spe-

cific performance. Frank A. Foy was the real estate agent in the transaction and he claims there is a commission due him of $572. He prays that if specific performance is decreed that this commission be credited on the purchase price payable by Nora C. Heyne Foy, and in the event that specific performance be not decreed that judgment be entered for that amount against Mary Zarmstorf with 6 per cent interest and that such judgment be a lien against an interest in the land which came to Mary Zarmstorf by reason of the death of a daughter after the execution of the mortgage declared by the defendants Niewohner and Foy to be unenforceable and discharged.

The cause was tried to the court and decree was entered granting foreclosure of the mortgages and denying all relief prayed by the defendants Niewohner and Foy in their answers and cross-petitions.

An appeal was perfected by said defendants Niewohner and Foy. The appeal has been abandoned by the defendant Niewohner, hence it now proceeds as to the defendants Foy alone. They will be referred to herein as appellants.

In the brief are found nine assignments of error. The gist of those which are of first importance is that appellant Nora C. Heyne Foy has a written contract for the purchase of real estate which she is entitled to have specifically enforced, and that the contract creates such an interest in the real estate as to permit her to have a decree declaring the mortgage hereinbefore referred to, and which will be hereinafter specifically identified, unenforceable and discharged.

In order that there may be a proper understanding of the issues it becomes necessary to set forth a history of certain incidents leading up to the commencement of this action.

On or about April 14, 1926, Mary Zarmstorf, defendant, being the owner in fee of the real estate hereinbefore described, and the mother of Ella Zarmstorf, Lily Zarmstorf, Elmer Zarmstorf, Edward Zarmstorf, Frederick Zarmstorf and Blanche Zarmstorf, executed and delivered six promissory notes, each for $2,780.89, payable in five years

with interest at the rate of 5½ per cent until maturity and 10 per cent after the due date. One note was to Ella, one to Lily, and four to William Werblow, as guardian of Blanche, Elmer, Edward and Frederick. These four were, at the time, minors. To secure the payment of the six promissory notes she executed and delivered three mortgages upon the real estate described herein. One was to secure the note to Ella, one to secure the note to Lily, and the third to secure the other four notes. The mortgages, or at least the one securing the four notes, appear to have been duly recorded on September 10, 1926. No principal or interest was ever paid on any of the notes. On April 1, 1937, the defendant Mary Zarmstorf executed and delivered· a new note for $2,780.89 to Ella Zarmstorf payable in five years with interest at 5½ per cent per annum. On the same day a note for like amount was executed and delivered to Lily Zarmstorf. These notes were secured by mortgages on the described real estate. These notes and mortgages were in the nature of renewals and were to take the place of the notes and mortgages to the same parties given on April 14, 1926, and recorded September 10, 1926.

The mortgage to Ella contained the following recital: "This mortgage is concurrent with two other mortgages executed by said Mary Zarmstorf, widow, on the same date herewith,—one for $2,780.89 to Lily Zarmstorf and one for $11,123.55 to William Werblow, Guardian." The one to Lily contained the following recital: "This mortgage is concurrent with two other mortgages executed by said Mary Zarmstorf, widow, on the same date herewith, one for $2,780.89 to Ella Zarmstorf and one for $11,123.55 to William Werblow, Guardian." The record does not disclose that on this date or on any other date after April, 1926, a mortgage to William Werblow, guardian, was ever executed or delivered. However the $11,123.55 was the face amount of the four notes given to the guardian in April, 1926, and doubtless the statement represents the unexecuted intention of Mary Zarmstorf to renew and displace those four notes. We can only speculate upon the failure of execution of this

intention. One fact does appear which stood in the way and that is that one of the wards had died in 1935, and probably one or more of those who were minors in 1926 had attained his majority before April, 1937. The following endorsement appears on the back of the notes given to William Werblow as guardian for Elmer, Edward and Frederick: "The debt and interest represented by the within note not having been paid, the time of payment is hereby extended to April 1st, 1942. Mary Zarmstorf." A like endorsement appears on the mortgage given to secure these notes. Blanche is the one who died in 1935 and the fact is, as disclosed by the record, that at the time of her death she had no husband or child, hence under the law Mary Zarmstorf, her mother, succeeded to such interest as she had in the 1926 note and mortgage. The record does not disclose the date when these endorsements were made.

On or about January 24, 1943, defendant Mary Zarmstorf executed a document in which she certified that she had sold the real estate in question to William Niewohner and Nora C. Foy and in which document she agreed to pay Frank A. Foy the standard commission for selling the land. This document was witnessed by Frank A. Foy. Appended to the document are the signatures of Wm. Niewohner and Nora C. Foy. Thereafter on January 25, 1943, a formal written contract was entered into between Mary Zarmstorf, party of the first part, and William Niewohner, party of the second part, whereby the party of the first part agreed to convey to the party of the second part 120 acres of the land described for the consideration of $85 per acre, payable on or before March 1, 1943, or as soon thereafter as the first party could furnish abstract showing merchantable title of record. It was agreed that the second party should go into possession "in about a week" from the date of the contract. A like contract was entered into between Mary Zarmstorf and Nora C. Heyne Foy for the remaining 40 acres. This contract in addition contained the following provision: "As part of the consideration there shall be applied by second party the amount of commission owing by

first party to Frank A. Foy earned in connection with the sale of said land and also the 120 acres this day being sold to William Niewohner, which commission shall be on the basis of 5% on the first $10,000 and 2% on the balance thereof."

No abstract showing merchantable title was ever presented. No part of the consideration was ever paid by either of the parties and no deed was ever tendered.

On March 13, 1943, this action in foreclosure was instituted by the plaintiffs. The foreclosure is not contested by the defendant Mary Zarmstorf.

As has been pointed out abstracts showing merchantable title have never been furnished and from the record it is clear that if all of the mortgages sought to be foreclosed are valid and subsisting liens against the real estate it will not be possible to furnish abstracts showing merchantable title. The indebtedness represented by the mortgages and interest is in excess of the value of the real estate.

The appellants substantially contend that the mortgage given in 1926 is unenforceable and must be conclusively presumed to have been paid; that the contract of Nora C. Heyne Foy with Mary Zarmstorf entered into on January 25, 1943, creates such an interest in said Nora C. Heyne Foy that appellants have the right to assert the unenforceability of the said mortgage of 1926; that a decree declaring said mortgage unenforceable and declaring such an interest in Nora C. Heyne Foy as would permit her to assert the unenforceability of the mortgage would relieve the real estate of sufficient of its burden so that merchantable title would be shown and in consequence specific performance of her contract would be possible and could be decreed.

To sustain their position that the mortgage of 1926 is unenforceable appellants rely on section 20-202, Comp. St. Supp. 1941, which is amendatory of section 20-202, Comp. St. 1929, and the case of *Weekes v. Rumbaugh*, 144 Neb. 103, 12 N. W. 2d 636. The contention is not limited to the statutory proposition that as to "subsequent purchasers and encumbrancers for value" the mortgage is unenforceable

and must be "conclusively presumed" to have been paid, but it embraces the proposition that unless the provisions of the section of the statute relating to extension are complied with the mortgage is unenforceable as between the parties. With this contention we cannot agree and we do not think the case cited sustains the contention. We think that *Steeves v. Nispel,* 132 Neb. 597, 273 N. W. 50, which interprets and applies section 20-202, Comp. St. 1929, which is in most of the important particulars the same as section 20-202, Comp. St. Supp. 1941, announces the applicable rule.

In *Steeves v. Nispel, supra,* it was held that a prior mortgage not extended beyond the limitation fixed by the statute in the manner provided therein but attempted to be extended by unrecorded written agreement between the parties of which mortgage and extension agreement a subsequent mortgagee had notice was effective as an extension and continued the priority of the mortgage over the subsequent mortgage. It follows therefore that the interpretation of the section before amendment should be accepted here unless the amendment requires a different interpretation or unless upon more mature consideration and deliberation the reasons for the decision in that case are found to be unsound and untenable. We recognize no basis for a recession from the holding of this case on the ground of unsoundness of reasoning. Coming then to a comparison of the section as it appeared in the statutes of 1929 and as it appears with its amendments it will be noted that outside of a change in the method of renewing or extending the limitation of mortgages there have been but few important changes in substance.

The following new matter appears in the amended section: "so far as relates only to the rights and interests of subsequent purchasers and encumbrancers for value," "as against subsequent encumbrancers and purchasers for value," and "conclusively."

It is apparent as to the first two quotations that in the particulars to which they refer the legislative intent was to disturb the intent and previously declared meaning of the

statute only in so far as it affected the rights and interests of subsequent purchasers and encumbrancers for value. The statute before amendment provided in part as follows: "At the expiration of ten years from the date the cause of action accrues on any mortgage as is herein provided, such mortgage shall be presumed to have been paid * * * ." In the amendment the word "conclusively" was inserted before the word "presumed."

In *Steeves v. Nispel, supra,* the presumption of payment of the old statute was in nowise indulged between the parties or in favor of the subsequent mortgagee with notice, so that since this case was decided in 1937, the legislature must have considered it and have intended that the "conclusive presumption" named should also be referable only to the rights and interests of subsequent purchasers and encumbrancers for value and that there was no intention to disturb the rights which this court had previously declared to exist as between the parties as regards the extension of mortgages.

Again the decision was rendered in *Steeves v. Nispel, supra,* in the face of the following which appears in the section: "said period of ten years shall not be extended by non-residence, legal disability, partial payment, or acknowledgment of debt." In the amendment the following words were added: "or promise to pay the same." We do not think this amendment calls for any change in application of the statute. The declaration under consideration is one of extension of the mortgage as distinguished from a promise to pay the indebtedness.

To come to any conclusion other than that the amendments in question were meant to apply to the rights and interests of subsequent purchasers and encumbrancers for value would be, as was pointed out in *Steeves v. Nispel, supra,* to ignore and render ineffective as between the parties section 20-216, Comp. St. Supp. 1941, as follows: "In any case founded on contract, when any part of the principal or interest shall have been voluntarily paid, or an acknowledgment of an existing liability, debt, or claim, or

any promise to pay the same shall have been made in writing an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment, or promise: * * * ."

We therefore hold that as between the parties the 1926 mortgage was validly extended and that the plaintiffs who, at the time of the execution were minors but at the time of the commencement of the action had attained their majority, had the right to maintain their action in foreclosure.

This holding is not in conflict with *Weekes v. Rumbaugh*, *supra*. Some of the language might however so indicate. The conclusion ultimately arrived at in that case was the following: "The writer believes that the legislative intent is entirely clear that as against purchasers and lienors for value, nothing should toll the ten-year period unless the mortgage is refiled or a copy thereof filed." And further: "It is unnecessary to consider the effect of the 1941 amendment, since the mortgage in question was fully barred many months before that amendment was adopted." Thus it will be seen that the 1941 amendment was not construed, and further, from the opinion it appears that the only matter of extension considered was that of whether or not partial payment would have the effect of extending the time for foreclosure.

The appellees, substantially assuming but not conceding that the appellant Nora C. Heyne Foy is a purchaser or encumbrancer for value, contend that the provisions of section 20-202, Comp. St. Supp. 1941, with reference to the effect of failure to comply with the provisions thereof relative to extension are not available to appellants for the reason that they had actual knowledge of the 1926 mortgage and the extension thereof. A fair analysis of the original section and the amendments thereto indicates that this contention of the appellees does not reflect the intention of the legislature in the adoption of the amendments. It appears clear that the legislature intended that as to the rights of subsequent purchasers or encumbrancers for value an extension or extension agreement not in compliance with

the statute would be ineffective regardless of whether or not the subsequent purchaser or encumbrancer for value had notice thereof. The placing of the word "conclusively" before the word "presumed" can reasonably have no other meaning. It is clear that the legislature intended that under such circumstances the title examiner should not be required to search beyond the mortgages and extensions appearing of record.

Having arrived at the conclusion that the mortgage and its extension represented a valid obligation between the parties thereto it follows that as between these parties the foreclosure was in all respects proper. It now becomes necessary to ascertain whether or not Nora C. Heyne Foy was a subsequent purchaser or encumbrancer for value, since if she is not there is nothing to which her contract of purchase can attach, it being conclusive that there is not sufficient value in the land to more than liquidate the mortgages with interest. The contract was impossible of performance. In the light of this condition it would be improper to decree specific performance. The general rule is laid down in 58 C. J., sec. 39, p. 882, as follows: "Because equity will not make a nugatory decree, and since specific performance cannot be demanded unless such relief is feasible, it is generally held that, where the performance of the contract is impossible and the decree for specific performance cannot be enforced, the court will deny the remedy. Stated otherwise, where it does not appear that defendant can perform, or where it is out of the power of a party to perform his agreement, specific performance thereof will not be decreed."

The question of whether or not she is such subsequent purchaser or encumbrancer for value on this record is one of fact and not of law. It is unnecessary to discuss the question of whether or not she is purchaser or encumbrancer. If it be assumed that she is a purchaser or encumbrancer, that fact can avail her nothing since the record conclusively shows that at no time did she part with anything of value. Before she may have the benefit of the stat-

ute on which she places reliance for relief it must·be found not only that she is either purchaser or encumbrancer, but that she has parted with something of value. See *McBride v. Helmricks*, 140 Neb. 843, 2 N. W. 2d 118; *Savage v. Hazard*, 11 Neb. 323, 9 N. W. 83. This latter has not been shown. The contract is entirely executory and calls for no payment by her unless and until abstract showing merchantable title should be furnished. No part payment was ever made on the contract.

It is suggested that the paragraph of the contract concerning the application of the real estate commission of Frank A. Foy as part payment on the purchase price should have the effect of making her a purchaser or encumbrancer for value but the language of the paragraph is not subject to such an interpretation. By its terms this is one of the unperformed conditions of the contract performance of which is not called for until transfer of title and payment of the purchase price.

As was pointed out earlier herein Frank A. Foy filed a cross-petition wherein he sought a personal judgment against Mary Zarmstorf and to have the same impressed as a lien against the interest in the land coming to her as heir of Blanche Zarmstorf, deceased, in the event that the prayer of Nora C. Heyne Foy for specific performance was denied. Both judgment and lien were denied by the decree. No theory on which such a lien could be impressed has been briefed or argued and we know of none. Judgment was denied on the ground that this cross action was not germane to the proceeding. Whether or not such a judgment could have been properly rendered is a question not necessary to determine here. The decree specifically protects the right of this cross-petitioner to have his claim for commission adjudicated in an action for that purpose.

The conclusion arrived at with regard to the propositions discussed renders unnecessary a discussion of the other assignments of error.

The decree of the district court is in all respects affirmed.

AFFIRMED.