MAY V. ARTERBURN, APPELLEE, V. NEIL C. VANDEMOER ET AL., APPELLANTS, IMPLEADED WITH JAMES WARREN WILLIAMS ET AL., APPELLEES.

58 N. W. 2d 606

Filed May 22, 1953. No. 33336.

*Clarence S. Beck,* Attorney General, *Homer L. Kyle, E. D. Warnsholz,* and *William B. Rist,* for appellants.

*Hubka & Hubka,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

Plaintiff brought this suit to quiet the title to two lots in Beatrice, Gage County, Nebraska. Neil C. Vandemoer, Director of Assistance and Child Welfare for the State of Nebraska, Gage County Assistance Committee, and Gage County filed an answer. All other named defendants failed to answer and defaults were entered against them. The answering defendants claim a lien on the property in the amount of $2,159.95 by virtue of a certificate of award for old age assistance payments to May V. Arterburn, dated October 1, 1941, which was filed for record on October 5, 1951, as a notice of lien. The trial court determined the lien to be in the amount of $787.75. The answering defendants appeal.

On June 27, 1941, Maggie J. Harman Bennett became the owner of the two lots involved herein. On July 21, 1948, Maggie J. Harman Bennett executed and delivered a warranty deed conveying the lots to her sister, May V. Arterburn. The deed was held in escrow and delivered to plaintiff by the escrow agent sometime in August or September 1951. The foregoing deed was filed for record on October 3, 1951. Maggie J. Harman Bennett died on February 8, 1951. She was a recipient of old age assistance from September 7, 1947, and continuously until her death, in the amount of $1,298.20. This amount was found to be a lien against the lots. No appeal has been taken from this portion of the decree. The plaintiff was also a recipient of old age assistance prior to September 7, 1947, and continuously thereafter until on or about October 17, 1951. She received $373.80 from September 7, 1947, to July 21, 1948, and $1,786.15 from July 21, 1948, until on or about October 17, 1951, the total being $2,159.95. The certificate of award was made to plaintiff on October 1, 1941, which was filed for record on October 5, 1951. The evidence shows that these answering defendants had no knowledge of the deed conveying the lots from Maggie J. Harman Bennett to plaintiff until October 2, 1951. It is stipulated that plain-

tiff received old age assistance payments after the death of Maggie J. Harman Bennett in the amount of $787.75.

The amendment to the old age assistance act providing for a lien against the property of old age assistance recipients became effective on September 7, 1947. The answering defendants contend that they are entitled to a lien for all old age assistance payments made to the plaintiff since that date. Plaintiff contends that these defendants are entitled to a lien for payments of old age assistance made to her after the death of her sister Maggie J. Harman Bennett on February 8, 1951, in the amount of $787.75.

The controlling statute provides in part: "The assistance benefits any recipient of old age assistance shall receive shall be a lien on any real estate owned by the recipient of such assistance from and after the date of the filing of the certificate as provided in this section." § 68-215.01, R. R. S. 1943. It appears clear to us that it was the intention of the Legislature to secure the repayment of old age assistance benefits by a lien upon any real estate the recipient might possess. The obligation to repay exists. It is contractual in its nature. Boone County Old Age Assistance Board v. Myhre, 149 Neb. 669, 32 N. W. 2d 262. The statute providing for a lien on the real estate of recipients of old age assistance benefits became effective on September 7, 1947. While the lien did not exist until the certificate of award was filed, the statute does not limit the amount of the lien to future payments of assistance benefits only. All payments made are within its purview. It is clear to us that any such benefits received subsequent to the enactment of the lien statute were subject to the statute and could properly be made the basis for a lien against any real estate the recipient then had, or subsequently acquired. The lien statute does not even infer that such lien shall be effective only as to benefits received after the real estate is acquired. Nor does it carry any inference, as plaintiff contends, that the amount of the

lien is limited to payments made after the certificate of award is filed for record. It contemplates a lien for the full amount owing. The lien statute must be treated as prospective in its operation and it applies therefore to any benefits received subsequent to its enactment. If the requirements of the statute are met the lien attaches to any real estate the recipient had or acquired subsequent to that date for all amounts received subsequent to the enactment of the lien statute. State ex rel. City of Grand Island v. Union Pacific R. R. Co., 152 Neb. 772, 42 N. W. 2d 867; War Finance Corp. v. Thornton, 118 Neb. 797, 226 N. W. 454.

The trial court was therefore in error in holding that the lien was valid only as to old age assistance payments made to the plaintiff after the death of her sister on February 8, 1951. The lien is valid for all old age assistance payments made to the plaintiff subsequent to the enactment of section 68-215.01, R. R. S. 1943. The portion of the decree fixing the lien in favor of Gage County and other political bodies contributing to old age assistance payments made to plaintiff from February 8, 1951, to on or about October 17, 1951, in the amount of $787.75, is reversed and set aside. The cause is remanded with directions to enter a decree in favor of the answering defendants for a lien in the total amount of all old age assistance payments made to plaintiff from September 7, 1947, to approximately October 17, 1951, which are shown by the record to be $2,159.95.

REVERSED AND REMANDED WITH DIRECTIONS.