ERNST F. W. ALEXANDERSON, APPELLANT, v. FRED WESSMAN ET AL., APPELLEES.

64 N. W. 2d 306

Filed April 30, 1954.   No. 33527.

P. F. *Verzani* and *Phyllis M. Verzani*, for appellant.

*John E. Newton*, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and BOSLAUGH, JJ.

BOSLAUGH, J.

This appeal contests the legality of the order of the district court sustaining the general demurrer of the Old Age Assistance Board of Dixon County, Nebraska, to the petition of appellant for the foreclosure of a mortgage on land in that county and the judgment of dismissal rendered by the trial court. The contesting parties are the appellant and the Old Age Assistance Board of Dixon County, Nebraska, sued as Dixon County Assistance Committee, and designated herein as appellee. The individuals named and described as defendants in the petition made no appearance in the case.

The facts alleged by appellant to be considered in the disposition of the appeal are as follows: Fred Wessman and his wife Hilda Wessman, who is deceased, on June 15, 1922, executed and delivered a promissory note, due on demand, and payable to the order of appellant for the sum of $1,200 and interest at 6 percent per annum payable semiannually. No part of the indebtedness has been paid except a part of the interest. The last payment was made in December 1934. The

makers of the note on November 26, 1937, executed and delivered to appellant a mortgage deed securing the note. It described and conveyed the land involved in this case. It was filed for record December 27, 1937, and recorded in the mortgage records. It contained the usual provision of defeasance and an obligation to pay the indebtedness as the note required. Appellee claimed an old age assistance lien on the premises dated September 1, 1944, filed for record May 5, 1948, and recorded in the public records as authorized by law on account of old age assistance furnished Fred Wessman, the mortgagor. Appellant asserted that any lien of appellee on the land was subject and inferior to the mortgage of appellant, and that there had been no action at law for the recovery of the indebtedness secured by the mortgage. The amount claimed due appellant was $3,172 and interest. He asked that the mortgage be adjudged a first lien on the premises; that it be foreclosed; that the premises be sold; and for general equitable relief.

Appellant concedes that appellee is a subsequent encumbrancer. Its capacity to contest the mortgage lien asserted by appellant is not made an issue. It has a lien for the old age assistance of which Fred Wessman has been the recipient since September 7, 1947, the effective date of the amendment to the Old Age Assistance Act, accepting as true the allegations of the petition as must be done in testing the sufficiency of the petition by demurrer. § 68-215.01, R. R. S. 1943; Arterburn v. Vandemoer, 157 Neb. 68, 58 N. W. 2d 606.

The note was payable "On demand after date * * *." It became due June 16, 1922, the day after its date and suit could then have been maintained thereon for the recovery of the indebtedness represented by it. Melville Lumber Co. v. Scott, 135 Neb. 379, 281 N. W. 803. Payments of interest were made, the last in December 1934, and an action on the note was not barred by the statute of limitations November 26, 1937, when the

mortgage was given to secure its payment. §§ 25-205, 25-216, R. R. S. 1943; Steeves v. Nispel, 132 Neb. 597, 273 N. W. 50; Hadley v. Corey, 137 Neb. 204, 288 N. W. 826.

The mortgage was an acknowledgment of the note, an existing liability and debt, and a promise to pay it. § 25-216, R. R. S. 1943. The note, and the indebtedness evidenced by it, was due when the mortgage was made, and a cause of action for the foreclosure of it then accrued. An action to enforce the lien of the mortgage could have been brought at any time thereafter during a period of 10 years or until November 26, 1947. The relevant statute, section 25-202, R. R. S. 1943, contains this: "An action for * * * the foreclosure of mortgages thereon (lands, tenements, or hereditaments), can only be brought within ten years after the cause of action shall have accrued * * *." A mortgage on real estate continues as a lien thereon for only 10 years from the maturity of the debt secured unless a payment has been made thereon or the statute of limitations has been otherwise tolled. Herbage v. McKee, 82 Neb. 354, 117 N. W. 706; Hatch v. Ely, 131 Neb. 882, 270 N. W. 480; Steeves v. Nispel, supra; Hadley v. Corey, supra.

Appellant did not plead any fact that avoided the bar of the statute. The claim that there was at the time of the commencement of the case a maintainable cause of action on the mortgage, the subject of this suit, does not depend upon that theory. The view of appellant is definite and is clearly stated. He says the only question is whether the cause of action for the foreclosure of his mortgage was barred as to appellee, a subsequent encumbrancer, by the 10-year statute of limitations which is applicable only to a mortgage which contains a maturity date of the debt secured thereby, or whether the longer period of 20 years is required to cause that result. The mortgage here involved contains no date of maturity of the note and indebtedness secured, and the date of the maturity thereof is not as-

certainable from the mortgage. Appellant concludes that suit on the mortgage "could only be barred by a twenty year lapse of time from the date of his mortgage," that is, not until November 26, 1957.

The thesis of appellant is that the cause of action for enforcement of the mortgage survives for the period of 20 years from its date because of the provisions of the statute for the benefit and protection of subsequent encumbrancers. § 25-202, R. R. S. 1943. The unsoundness of this is that appellant is a party to the mortgage in suit and is not a subsequent encumbrancer. A subsequent encumbrancer, within the statute, is one who acquires his encumbrance after the statute has run against the prior encumbrance shown on the record. In Bliss v. Redding, 121 Neb. 69, 236 N. W. 181, the court said: "It accords with standard rules of construction to say that a subsequent incumbrancer for value is one who obtains his incumbrance after the statute has run against the prior incumbrance, as shown by the public record relating to the latter; that the statute operates prospectively." See, also, Tynon v. Bliss, 121 Neb. 80, 236 N. W. 184.

The persons within the amendment of 1925 were limited to "subsequent purchasers and encumbrancers for value." Laws 1925, c. 64, § 1, p. 220. The amendment of 1941 is restricted by its language "* * * so far as relates only to the rights and interests of subsequent purchasers and encumbrancers for value * * *." Laws 1941, c. 35, § 1, p. 145; § 25-202, R. R. S. 1943. As to the rights inhering between the original parties to a mortgage the 1941 amendment has no effect. It has application only to subsequent purchasers and encumbrancers and was intended to affect only the rights of mortgagees as against such third parties. The appellant is a party to the mortgage in suit and is not protected or benefited by the statute. Franklin v. Zarmstorf, 145 Neb. 21, 15 N. W. 2d 190; Weekes v. Rumbaugh, 144 Neb. 103, 12 N. W.

2d 636, 150 A. L. R. 129; Steeves v. Nispel, *supra;* O'Connor v. Power, 124 Neb. 594, 247 N. W. 414.

There is basis for contention in reference to the character of the amendments to the statute described above. The parts of them referred to herein are identical in legal effect. Franklin v. Zarmstorf, *supra.* Neither of them is precisely, technically, nor exclusively a statute of limitations. They are more concerned with written notice of mortgages exhibited by public record than the designation of a period within which suit may be brought to enforce a mortgage on real estate. A significant provision of the 1941 amendment indispensable to what was intended, indicative of its true character, and convincing of its applicability only to subsequent purchasers and encumbrancers is this language: "At the expiration of ten years from the date the cause of action accrues on any mortgage as is herein provided, such mortgage shall be conclusively presumed to have been paid, and the lien thereof shall then cease absolutely as against subsequent purchasers and encumbrancers for value whose deeds, mortgages, or other instruments shall be thereafter executed and delivered * * *." In O'Connor v. Power, *supra,* the court said concerning the 1925 amendment: "We are of the opinion that the statute has more to do with record notice of mortgages than to operate as a statute of limitations. The language of the statute is that, if the mortgage is not refiled within ten years from the date the cause of action accrues, it shall cease to be notice of the mortgage as unpaid, and the lien thereof shall cease absolutely as to subsequent purchasers and incumbrancers for value." That statement is applicable to the 1941 amendment.

Appellant asserts that sections 25-202 and 76-239, R. R. S. 1943, must be construed together. This may be conceded. A careful consideration of these has not developed any conflict in them. The latter does not give any right to or protect any interest of a mortgagee in addition to those given and protected by the former.

The facts alleged and admitted in this case do not make the latter section significant.

These considerations demonstrate that the contention of appellant is untenable. The bar of the statute of limitations was complete as to any cause of action on the mortgage of appellant on November 26, 1947. This case was commenced September 5, 1953. The statute of limitations was a complete defense. It was shown by the petition and was properly taken advantage of by general demurrer. Wright v. Schram, 121 Neb. 775, 238 N. W. 658.

The judgment should be and it is affirmed.

AFFIRMED.

WENKE, J., participating on briefs.