## FARMERS' BANK V. SIBBY I. BOYD.

FILED FEBRUARY 4, 1903.   No. 12,611.

Commissioner's opinion, Department No. 2.

1. **Married Woman:** COMMON-LAW LIABILITY: CONTRACT. Under our statute, a married woman is but partially emancipated from her common-law disability to contract.

2. ———: PROMISSORY NOTE: CONSIDERATION: INTENTION: PRESUMP-TION. The signing of a promissory note by a married woman creates no presumption of consideration or of her intention to bind her separate estate.

3. ———: ———: INTENTION: SATISFACTION: SEPARATE ESTATE: BURDEN. The burden of proof is upon the holder of a promissory note signed by a married woman to show that she intended to bind her separate estate for the satisfaction of the obligation.

ERROR from the district court for Otoe county. Action in the nature of *indebitatus assumpsit* on two promissory notes given by a *femme covert.* Tried below before JESSEN, J. Judgment for defendant. *Affirmed.*

*Edwin F. Warren,* for plaintiff in error.

*D. T. Hayden* and *W. W. Wilson, contra.*

OLDHAM, C.

This was a suit on two promissory notes signed by a married woman, without her husband joining with her. The notes did not recite that they were given on the faith and credit of the separate estate of the maker. The undisputed facts arising on the pleadings and evidence are that the notes were given for stock in a hedge-fence company; that the maker of the notes was the owner of separate property at the time the notes were executed; that she never actually received any consideration for the notes; that the plaintiff purchased these notes for a valuable consideration, before maturity, relying on the separate estate

Syllabus by court; catch-words by editor.

of the maker, and without notice of any defenses, but with knowledge of the fact that the maker of the notes was a married woman. There was conflicting evidence on the question of the intention of the maker of the notes to bind her separate property for the payment of the obligation. The issues were submitted to a jury, who found in favor of defendant; there was judgment on the verdict, and plaintiff brings error to this court.

The learned trial judge submitted the questions on instructions to a jury, which, in substance, told the jury that if they believed from the evidence that the notes were executed by the defendant with the intention of binding her separate estate, then their verdict should be for the plaintiff for the face of the notes and interest; that the burden of proof was upon the plaintiff to establish the fact that the notes were given with reference to and with the intention of binding the separate estate of the defendant; that the omission to recite an intention to bind the separate estate in the body of the notes raised no presumption as to what the actual presumption was; and also that if the they found from the evidence that the notes were not given by the defendant with reference to her separate business, trade or property, or were not given with the intent to bind her separate estate, then the notes would be void under our statute, and the verdict should be for the defendant. The plaintiff in error contends that as it purchased the notes relying on the separate estate of the maker, for a valuable consideration, and before maturity, and without notice of defenses, the separate estate of the maker was bound, no matter what her intention may have been at the time she executed the notes. It also contends that in any event the burden of proof should have been cast upon the defendant to show that the notes were not given with the intention of binding her separate estate. Having requested instructions from the trial court properly setting forth these theories, error is alleged in the action of the trial court in refusing plaintiff's requests for instructions, and also in giving of instructions in substance as above set forth.

Plaintiff in error has filed an earnest and forceful brief in support of its contentions in the case at bar, and has clearly pointed out the manifest injustice to bona-fide purchasers of commercial paper which may result from an adherence to the doctrine set forth in the instructions of the trial court, and has fortified its position by a citation of authorities from other states which tend to support its claim as to the liability of the separate estate of a married woman for the satisfaction of negotiable promissory notes executed by her. But the question of the possible abuse that may follow from the enactment of a statute fixing the liability of a married woman with reference to her separate estate is one to be determined by the law-making power of the state and not by the courts; and, whatever view may have been expressed of the liability of the separate estate of a married woman by the courts of last resort of sister states under their statutes, the question, as we view it, has been fully determined by this court. We have held that under our statute she has been but partially emancipated from her common-law disability to contract, and that her separate estate can only be bound when she contracts specifically with reference to it. We have also held that a promissory note made by a married woman, does not raise a presumption either of consideration or of her intention to bind her separate estate, and that the burden of proof is upon the holder of a negotiable promissory note executed by a married woman to show that she intended to bind her separate estate for the satisfaction of the obligation. *Burnum v. Young,* 10 Nebr., 309; *Grand Island Banking Co. v. Wright,* 53 Nebr., 574; *Stenger Benevolent Ass'n v. Stenger,* 54 Nebr., 427; *Smith v. Bond,* 56 Nebr., 529; *Kocher v. Cornell,* 59 Nebr., 315. It follows that the instructions given by the trial judge were fully warranted by a long line of decisions of this court, and that there was no error in refusing the instructions requested by plaintiff.

It is therefore recommended that the judgment of the district court be affirmed.

BARNES and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.