Farm Mortgage & Loan Co. v. Beale.

FARM MORTGAGE & LOAN COMPANY, APPELLANT, V. S. M.
BEALE, APPELLEE.

FILED MARCH 18, 1925.    No. 23040.

1. **Bills and Notes: LAW GOVERNING.** Where a promissory note
is made in one state, to be performed in another state, it is,
ordinarily, to be regulated and governed by the law of the place
of performance, without regard to the place at which it was
written, dated, or signed, unless it clearly appears that the
parties intended that the contract should be governed by the
law of the place where made.

2. ——: ——. Where two or more persons, residing in different states, enter into a contract, it is competent for them to
select the laws of either state to govern their contract. When, by
the terms of the contract, they have fixed and determined upon
a place for its performance, ordinarily the law of that place will
govern, unless a contrary intention is made to appear.

APPEAL from the district court for Wayne county: ANSON
A. WELCH, JUDGE. *Reversed.*

*W. F. Zumbrunn* and *C. H. Hendrickson,* for appellant.

Heard before MORRISSEY, C. J., ROSE, GOOD and EVANS,
JJ., REDICK and SHEPHERD, District Judges.

GOOD, J.

Action on a promissory note, executed by G. W. and S. M.
Beale, husband and wife. Plaintiff, a holder in due course,
recovered a judgment against the husband, but the wife,
S. M. Beale, was held not liable, on the ground of coverture. Plaintiff appeals.

The undisputed facts are that G. W. Beale entered into
a contract with the Rio Grande Valley Land Corporation,
of Kansas City, Missouri, for the purchase of a tract of
land in the state of Texas. The note in question was given
in part payment for the agreed purchase price. On its face,
the note appears to be dated at Kansas City, Missouri, and is
made payable to the Rio Grande Land Corporation, at its
office in that city. The note was actually signed by Mrs.
Beale at her home in Wayne county, Nebraska.

We are required to determine whether the defense of

coverture is available to Mrs. Beale. This presents purely a law question, viz., whether the contract is governed by the law of Missouri or by the law of Nebraska.

Under the law of Missouri a married woman is liable upon her contract the same as a *feme sole,* while in Nebraska the disability of a married woman to make a valid contract remains the same as at common law, except in so far as such disability has been removed by our statute. The statute has removed the common-law disability of a married woman to make contracts only in cases where the contract made has reference to her separate property, trade, or business, or was made on the faith or credit thereof, and with the intent on her part to thereby bind her separate property. *Hale v. Christy,* 8 Neb. 264; *Godfrey v. Megahan,* 38 Neb. 748; *Grand Island Banking Co. v. Wright,* 53 Neb. 574; *Smith v. Bond,* 56 Neb. 529; *Farmers Bank v. Boyd,* 67 Neb. 497; *Northwall Co. v. Osgood,* 80 Neb. 764; *Marsh v. Marsh,* 92 Neb. 189.

Plaintiff contends that, since the note bears date in Kansas City, Missouri, and is made payable in that state, the validity of the note must be determined by the law of that state; while the defendant contends that the note, having been signed by Mrs. Beale in Nebraska, is to be governed by the law of this state.

The precise question seems not to have been hitherto decided by this court. The question, however, has been frequently decided in other jurisdictions. While those decisions are not entirely harmonious, the greater weight of authority is to the effect that, where a promissory note is made in one state, to be performed in another state, it is to be regulated and governed by the law of the place of performance, without regard to the place at which it was written, dated or signed, unless it clearly appears that the parties intended that the contract should be governed by the law of the place where made. Among the many authorities sustaining this view are the following: *Brown v. Gates,* 120 Wis. 349, 1 Am. & Eng. Ann. Cas. 85, and note, p. 88; *Bigelow v. Burnham,* 83 Ia. 120, 32 Am. St. Rep. 294; *Mayer v.*

*Roche,* 77 N. J. Law, 681; *Milliken v. Pratt,* 125 Mass. 374; *Emanuel & Barnett v. White,* 34 Miss. 56; *Cromwell v. Sac County,* 96 U. S. 51; *First Nat. Bank v. Mitchell,* 92 Fed. 565; *Sturdivant v. Memphis Nat. Bank,* 60 Fed. 730; *Chemical Nat. Bank v. Kellogg,* 183 N. Y. 92, 2 L. R. A. n. s. 299; *Bright v. Judson,* 47 Barb. (N. Y.) 29. See, also, 8 C. J. 95, sec. 164, note 30; 8 C. J. 92, sec. 153, notes 63, 64; 3 R. C. L. 1137, sec. 352.

Defendant insists that this court has adopted the view that the validity of a contract is to be determined by the law of the place where the contract is signed and delivered, and cites, as sustaining this view, *Benton v. German-American Nat. Bank,* 45 Neb. 850. In that case an action was brought in Nebraska against a married woman on a promissory note, which she had indorsed in the state of Missouri, and which was dated and made payable in Missouri. She set up the defense of coverture, and this court held the defense was unavailing, because the contract was governed by the laws of Missouri. In the body of the opinion there is a quotation from a Tennessee case in which it is said, in effect, that the validity of a contract, the obligation thereof, and the capacity of the parties thereto are to be determined by the *lex loci contractus,* unless there be something in the contract which is deemed hurtful to the good morals or injurious to the rights of its own citizens. Counsel for defendant assume that the term *lex loci contractus* means the law of the place where the contract is signed.

The phrase *lex loci contractus,* literally translated, means the law of the place of the contract. It is used in a double sense, to mean sometimes the law of the place where the contract is made, and sometimes that of the place of its performance. It was undoubtedly in the latter sense that the expression was used in the body of the opinion in *Benton v. German-American Nat. Bank, supra.* Among the authorities holding that the term *lex loci contractus* means the law of the place of performance are *Gibson v. Connecticut Fire Ins. Co.,* 77 Fed. 561, and the cases therein cited.

Where two or more parties, residing in different states,

enter into a contract, it is competent for them to select the laws of either state to govern their contract. When, by the terms of the contract, they have fixed and determined upon the place for its performance, ordinarily, the law of that place will govern, unless a contrary intention is made to appear.

In the instant case one of the parties resided in Missouri; the other in Nebraska. The contract was entered into, to be performed in the state of Missouri. There is nothing in the contract or in the evidence from which it can be inferred that the parties intended that the contract should be governed by any other law than that of the place of performance, viz., Missouri. It necessarily follows that the defense of coverture is not available to Mrs. Beale in this action.

The judgment of the district court, in so far as it holds that Mrs. Beale is not liable, is reversed, and the cause remanded for further proceedings.

REVERSED.