ELIZABETH TYNON ET AL., ADMINISTRATRICES, APPELLEES, v. CLARENCE G. BLISS, APPELLANT.

FILED APRIL 17, 1931.　No. 27680.

*C. M. Skiles, Edgar Ferneau, Fred G. Hawxby* and *John A. Skiles,* for appellant.

*Paul Jessen* and *Ernest F. Armstrong, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

GOSS, C. J.

The defendant, receiver of a state bank, appealed because the court decreed two mortgages to be liens on a farm owned by the bank. On June 15, 1929, the department of trade and commerce took over the Nemaha County Bank and on August 12, 1929, Clarence G. Bliss, secretary of the department, was appointed receiver for the bank. On November 6, 1915, the defendants, H. B. Bohlken and Mathilda Bohlken, husband and wife, had conveyed to the bank, for a stated consideration of $20,000, the southeast quarter of section 4, township 4, range 13, in Nemaha county, Nebraska, subject to a certain mortgage of $8,000 and a second mortgage of $5,400, "which mortgages the said grantee assumes and agrees to pay as a part of the purchase price herein mentioned." The deed containing the above provision was duly recorded January 13, 1916.

This suit was begun March 3, 1930. The mortgages foreclosed by the plaintiff are upon the same land and are identified as the same mortgages referred to in the deed to the bank. The $8,000 mortgage was made by the Bohlkens in favor of the Nemaha County Bank on December 14, 1912, and recorded two days later. It was to secure a note for $8,000 dated December 14, 1912, and due five years after date. The $5,400 mortgage was made by the Bohlkens in favor of the Nemaha County Bank December

14, 1912, and recorded two days later. It was to secure a note of like amount dated December 14, 1912, and due five years after date. The evidence shows that on or about December 17, 1912, the Nemaha County Bank sold and assigned the $8,000 note and mortgage to William Tynon, now deceased, and on or about December 10, 1914, sold and assigned the $5,400 note and mortgage to William Tynon; that plaintiffs are the administratrices of the estate of William Tynon, deceased, and are the owners and holders of said notes and mortgages.

The Bohlkens paid the interest on the notes and mortgages up to February 15, 1915, and the bank continued, after it became the owner of the land in 1915, to pay the interest on these notes and mortgages, and the receiver likewise paid all the interest due thereon after he took charge of the bank, the last payment being in December, 1929. There were no written extensions of the debts and no written extensions of the mortgages were ever recorded. By appropriate pleadings the receiver challenged the existence of the mortgages and raised the question that, under chapter 64, Laws 1925, taking effect April 1, 1925, the mortgages had ceased to be liens upon the said premises and the bank and its receiver as successor were the owners of the premises, free and clear of any liens and incumbrances, and that the receiver is a "subsequent purchaser for value" under said act. That act is now known as section 20-202, Comp. St. 1929.

The decree of the district court found in favor of the plaintiffs for the full amount due on the notes and mortgages, which amounts are specifically set forth therein, and ordered the premises sold in the usual manner to satisfy the decree; also found that the bank, and the receiver, was not a "subsequent purchaser for value" of said real estate as contemplated in the act of 1925. The decree indicates that the reason why the court found that the bank was not a subsequent purchaser of the real estate for value was because, as fully set forth in the decree, the bank as a part of the consideration for the deed had specifically assumed and agreed to pay these two mortgages.

This case was argued the same day and, while involving different lands, is between the same parties, although there are other different parties to the action, as are the main parties in *Bliss v. Redding, ante*, p. 69. For the reasons why the district court might have decided the controversy here adversely to the receiver, irrespective of the assumption and agreement to pay the mortgages, reference is hereby made to the text in the opinion in *Bliss v. Redding, supra*. The notes and mortgages did not mature according to their original terms until December 14, 1917. The bank took title to the real estate November 6, 1915. Under section 20-202, Comp. St. 1929, a "subsequent purchaser for value" (who seeks to be relieved as against an incumbrance) is one who acquires the title to real estate after the statute has run against a prior incumbrance shown on the record.

The decree of the district court was right in holding that the defense of the receiver was not available. One who, as a part of the consideration for a deed to him of real estate incumbered by mortgage, assumes and agrees to pay the mortgage and pays the interest thereon may not, as a matter of equity, defend against that mortgage on the ground that it is barred by failure of the mortgagee to do some act or acts required by section 20-202, Comp. St. 1929, to be done as to a subsequent purchaser for value.

The judgment of the district court is

AFFIRMED.