ELLEN O'CONNOR, REVIVED IN THE NAME OF MARY O'CON-
NOR LYNCH ET AL., ADMINISTRATORS, APPELLEES, V.
LORA POWER ET AL., APPELLEES: UNITED STATES
NATIONAL BANK OF OMAHA, APPELLANT.*

FILED NOVEMBER 25, 1932. NO. 28298.

* Overruled—See opinion on rehearing, p. 594, *post.*

114

 

 

*Morsman & Maxwell,* for appellant.

*W. H. Herdman* and *Wear, Moriarty, Garrotto & Boland, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DEAN, J.

This suit was begun in the district court for Douglas county to foreclose a real estate mortgage which was given as security for a promissory note in the principal sum of $3,000, executed and delivered April 1, 1914, by John Power in favor of John C. Fetzer. By its terms the note became due April 1, 1915, and bears interest at the rate of 8 per cent. per annum. No payment has been made thereon except interest up to April 1, 1923, and it is alleged there is now due on the note the principal sum of $3,000, with interest from that date at the rate of 8 per cent. per annum.

John C. Fetzer sold and transferred the above note to John J. O'Connor, whose widow commenced this action to recover thereon. She died after the institution of the proceedings herein, however, and the action was thereupon revived by her heirs who are designated as the plaintiffs.

John Power died January 7, 1916, leaving him surviving his son Nicholas, and three daughters, namely, Lora, Alice, and Elizabeth Power Thomas. The latter died after the commencement of this action leaving as her only heirs her husband, Frank C. Thomas, and her brother and two sisters, all of whom are named as parties defendant here.

The United States National Bank of Omaha, hereinafter referred to as the bank, filed a demurrer to the plaintiffs' supplemental petition, which was overruled by the court. Thereupon the bank filed an answer and cross-petition alleging that on October 30, 1926, the defendants executed and delivered to the bank their promissory note for $1,860, due one year after date, and bearing interest at the rate of 7 per cent. per annum. As security for the note, it is alleged that the defendants executed their mortgage deed in favor of the bank on the same property designated in the note held by the plaintiffs against the defendants. The bank also alleges that no part of the $1,860 note has been paid except ten payments thereon in the respective sums of $52.50 each, and that $1,335.99 is now due thereon with interest.

Upon submission, the court found that the plaintiffs' lien was superior to that of the bank; that none of the indebtedness had been paid thereon by the defendants, except interest up to April 1, 1923, and that $3,000, with interest from that date at the rate of 8 per cent. per annum was due the plaintiffs; and that the property in question should be sold to satisfy such judgment. The bank has appealed.

Section 1, ch. 64, Laws 1925, now section 20-202, Comp. St. 1929, so far as applicable here, provides:

"An action for the recovery of the title or possession of lands, tenements, or hereditaments, or for the foreclosure of mortgages thereon, can only be brought within ten years after the cause of action shall have accrued. * * * Provided, however, if the mortgage creditor shall, before the mortgage is barred under the provisions of this act, refile in the recorder's office the mortgage, or a sworn copy thereof for record, then said cause of action shall not be barred until the expiration of ten years from the date of said refiling; Provided further, that the time within which an action may be brought upon a mortgage having no date of maturity stated therein shall not be more than ten years from the maturity of the debt se-

cured thereby. At the expiration of ten years from the date the cause of action accrues on any mortgage as is herein provided, such mortgage shall be presumed to have been paid, and the mortgage and the record thereof shall cease to be notice of the mortgage as unpaid and the lien thereof shall then cease absolutely as to subsequent pur-' chasers and incumbrancers for value; said period of ten years shall not be extended by nonresidence, legal disability, partial payment, or acknowledgment of debt. No action for the recovery of the title or possession of lands, tenements or hereditaments; or for the foreclosure of a mortgage thereon shall be begun after one year from the passage of this act by any person whose right of action would be otherwise barred hereby, unless within such year, the holder of an existing mortgage which would otherwise be barred hereby shall file for record a duly executed extension of such mortgage and such period of one year shall not be extended by nonresidence or legal disability."

Section 20-216, Comp. St. 1929, upon which the plaintiffs rely, contains the following provision:

"In any cause founded on contract, when any part of the principal or interest shall have been voluntarily paid, or an acknowledgment of an existing liability, debt, or claim, or any promise to pay the same shall have been made in writing an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment, or promise."

The bank contends that it was the intention of the legislature by chapter 64, Laws 1925, that section 20-202, Comp. St. 1929, as it now appears, was no longer to be read in connection with section 20-216 under circumstances like those in the present case.

Plaintiffs, on the other hand, contend that the 1925 amendment did not repeal or modify section 20-216, but that, if such section was repealed, the repeal or amendment was by implication only, and that the payment of

interest up to April 1, 1923, under such section, tolled the limitation period.

The plaintiffs' mortgage was executed and delivered April 1, 1914, and became due and payable April 1, 1915, the last payment of interest having been made thereon April 1, 1923. Foreclosure proceedings were commenced January 29, 1927. It was stipulated that the plaintiffs' mortgage was never extended, nor was it refiled of record within one year after chapter 64, Laws 1925, became effective.

The mortgage held by the bank was executed October 30, 1926, more than one year after chapter 64, Laws 1925, became effective.

In *Bliss v. Redding,* 121 Neb. 69, in an opinion by Goss, C. J., we held:

"Under section 20-202, Comp. St. 1929, a 'subsequent incumbrancer' is one who acquires his incumbrance after the statute has run against the prior incumbrance shown on the record."

The plaintiffs rely on the above cited *Redding* case for an affirmance of the judgment herein. In that case Redding and his wife, on March 31, 1915, executed and delivered their promissory note for three years, secured by a mortgage, to a certain bank. The indebtedness matured March 31, 1918, and the 10-year statutory limitation period expired March 31, 1928. The note was assigned in April, 1915, by the bank to another party. The Reddings executed another note in favor of the bank, in February, 1924, secured by a mortgage on the same land as that designated in the 1915 mortgage. The judgment of the trial court, holding that the 1924 mortgage had priority over the 1915 mortgage, was reversed upon appeal to this court. In that case, however, the second mortgage was executed in 1924, more than a year before the enactment of chapter 64, Laws 1925, and we there held that the provisions of such law were intended to operate prospectively and not retroactively. In the present case, as noted above, the bank's mortgage was executed in its fa-

vor by the defendants more than a year after chapter 64, Laws 1925, became operative.

Under the provisions of section 20-202, it appears that, if the plaintiffs had refiled their mortgage of record within a year after chapter 64, Laws 1925, became effective, and as therein provided, the 10-year statutory limitation period might have been available to them by reason of the last payment of interest, April 1, 1923, on their note. But this they failed to do.

It seems fairly to appear that it was the intention of the legislature that, at the expiration of 10 years from the date a cause of action may accrue on a mortgage, such mortgage shall be presumed to have been paid, and the record thereof shall cease to be notice of the mortgage as unpaid, and that "the lien thereof shall then cease absolutely as to subsequent purchasers and incumbrancers for value." The legislature further provided that the period of 10 years shall not be extended by partial payment or by acknowledgment of the debt. And, as notice to those who held a mortgage upon which a payment of interest had been made, section 20-202 provided that no action to foreclose a mortgage should be begun within one year from the passage of the act in question, unless, within such year, the holder of such mortgage, which otherwise would be barred, shall file for record a duly executed extension of the mortgage within such period of one year.

Under the provisions of section 20-202, Comp. St. 1929, the lien of the plaintiffs' mortgage ceased to be a prior lien as against the mortgage held by the bank upon the failure of the plaintiffs to have an extension of their mortgage filed of record within a year from the passage of chapter 64, Laws 1925, as therein provided. And we think the bank is therefore a subsequent incumbrancer for value within the meaning of section 20-202, Comp. St. 1929.

Plaintiffs contend that chapter 64, Laws 1925, is void for the reason that the subjects contained therein are not germane to section 8507, Comp. St. 1922 (now section 20-

202, Comp. St. 1929) as theretofore existing, and of which it is amendatory, and that such subjects are not set out in the title of the act. The title discloses that it is an act to amend sections 8507 and 8519, Comp. St. 1922, relating "to the time of commencing civil actions for recovery of title or possession of real estate," and to repeal such sections. And where the title in question relates to and covers the same general subject contained in the act as theretofore existing, we think such title fairly indicates the scope and purpose of the act.

The judgment is reversed, with directions that the mortgage of the bank be entered as a prior lien superior to that held by the plaintiffs.

REVERSED.