KAER P. VANICE III, APPELLANT, V. GARY L. OEHM AND LESLIE OEHM, HUSBAND AND WIFE, ET AL., APPELLEES.

526 N.W.2d 648

Filed January 27, 1995.   No. S-93-447.

Edward H. Tricker and David A. Hecker, of Woods & Aitken Law Firm, for appellant.

John R. Doyle for appellees Oehm.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

CAPORALE, J.

## I. STATEMENT OF CASE

Plaintiff–appellant, Kaer P. Vanice III, seeks in his operative petition to foreclose a real estate mortgage. Finding that the petition failed to state a cause of action, the district court sustained the demurrer of the defendants–appellees husband and wife, Gary L. Oehm and Leslie Oehm, and dismissed the action. Vanice thereafter appealed to the Nebraska Court of Appeals, asserting, in summary, that in ruling the petition failed to state a cause of action, the district court applied the wrong period of limitations. In the exercise of our authority to regulate the caseloads of the two appellate courts, we removed the matter to this court on our own motion. We now reverse, and remand for further proceedings.

## II. SCOPE OF REVIEW

Whether a petition states a cause of action is a question of law regarding which an appellate court has an obligation to reach a conclusion independent of that of the inferior court. *K Corporation v. Stewart, ante* p. 290, 526 N.W.2d 429 (1995); *Gibb v. Citicorp Mortgage, Inc.*, 246 Neb. 355, 518 N.W.2d 910 (1994).

## III. FACTS AS ALLEGED

According to the operative petition, which relates back to an earlier petition filed September 10, 1992, in order to enable the Oehms to acquire an interest in an automobile dealership in Missouri, Vanice lent them $60,000 under a written agreement executed in Missouri on April 1, 1980.

The agreement incorporated into the operative petition provides no date by which the loan is to be paid, but provides that it is to "be governed and interpreted by the laws of the State of Missouri." Without any further reference to any note, the agreement reads: "Such note shall accrue interest at the rate of 13.5% per annum and shall be payable as follows . . . ." However, the agreement provides no payment schedule for any such note, nor is any note incorporated into the operative petition.

The operative petition further alleges that the loan was secured to the extent of $47,500 by a duly recorded second mortgage on the Oehms' Nebraska real estate, that the mortgage was executed at the same time as was the underlying agreement, and that the parties agreed it too would be governed by Missouri law. The mortgage document incorporated into the operative petition specifies no maturity date.

According to the operative petition, no payments have been made on the loan, the Oehms are in default, and the whole debt has become due and payable immediately.

The operative petition further acknowledges that the Oehms' real estate is subject to a prior mortgage in favor of the defendant–appellee American Charter Federal Savings and Loan Association and that any right, title, or interest of American Charter is first and paramount to Vanice's claims.

## IV. ANALYSIS

Vanice claims the district court erred in finding his action time barred because Missouri law applies and it provides a 20–year period of limitations, but that even if Nebraska law were to apply, the appropriate period of limitations likewise is 20 years.

It is true that under Nebraska law, a contract made in another state and valid under the laws of that state is valid in Nebraska and will be enforced, unless such enforcement would violate the

positive law or the settled public policy of this state or would work an injury to this state or its citizens. *Dunlop Tire & Rubber Corp. v. Ryan*, 171 Neb. 820, 108 N.W.2d 84 (1961). We have also held that it is competent for persons residing in different states to select the law of either state to govern their contract; when by the terms of the contract they have fixed and determined the place for performance, the law of that place will govern. *Farm Mortgage & Loan Co. v. Beale*, 113 Neb. 293, 202 N.W. 877 (1925).

But Vanice is not here seeking to enforce the agreement under which he made the loan; rather, he is attempting to foreclose the mortgage partially securing the Oehms' debt.

While we have neither been cited to nor found a case in which we have addressed what law governs the foreclosure of a mortgage on Nebraska land, we have recently reaffirmed that in the context of inheritance rights, the law of the situs of the land governs exclusively the rights to the land and the methods of its transfer. See *In re Estate of Hannan*, 246 Neb. 828, 523 N.W.2d 672 (1994). Accord, *In re Estate of Schram*, 132 Neb. 268, 271 N.W. 694 (1937); *In re Heirship of Robinson*, 119 Neb. 285, 228 N.W. 852 (1930). Moreover, we have held that a loan on Nebraska land, negotiated in Nebraska through a foreign loan company and resulting in a mortgage executed and delivered in Nebraska, created a Nebraska contract, notwithstanding that the note contained a clause reading that the note was " 'understood to be made with reference to and under the laws of the territory of Dakota, and all payments hereon payable at the office of the association in Aberdeen, Dakota.' " *Building & Loan Ass'n of Dakota v. Bilan*, 59 Neb. 458, 459–60, 81 N.W. 308, 309 (1899). See, also, *People's Building, Loan & Savings Ass'n v. Parish*, 1 Neb. (Unoff.) 505, 96 N.W. 243 (1901) (notes and mortgages executed in state where mortgaged land lies to be construed by laws of that state, notwithstanding that documents drawn in favor of foreign building association).

Accordingly, we hold that the foreclosure of a mortgage on land situated in Nebraska is governed exclusively by the law of Nebraska, no matter what the parties may agree upon in that regard.

That being so, we look to the provisions of Neb. Rev. Stat. § 25–202 (Reissue 1989):

> An action for the recovery of the title or possession of lands, tenements or hereditaments, or for the foreclosure of mortgages thereon, can only be brought within ten years after the cause of action shall have accrued . . . . For the purposes of this section so far as relates only to the rights and interests of subsequent purchasers and encumbrancers for value, a cause of action for the foreclosure of a mortgage shall be deemed to have accrued at the last date of the maturity of the debt or other obligation secured thereby, as stated in, or as ascertainable from the record of such mortgage, or in an extension thereof duly executed and recorded, and if no date for any maturity be stated therein or be ascertainable therefrom, then no later than twenty years from the date of said mortgage . . . .

Vanice contends that as he filed his mortgage after the American Charter mortgage was filed, he is a "subsequent encumbrancer," entitled to the 20–year period of limitations.

This position, however, ignores this court's definition of a subsequent encumbrancer as one who acquires one's encumbrance for value after the statute has run against a prior encumbrance. *Alexanderson v. Wessmann*, 158 Neb. 614, 64 N.W.2d 306 (1954); *O'Connor v. Power*, 124 Neb. 113, 245 N.W. 417 (1932), *vacated on other grounds* 124 Neb. 594, 247 N.W. 414 (1933); *Tynon v. Bliss*, 121 Neb. 80, 236 N.W. 184 (1931); *Bliss v. Redding*, 121 Neb. 69, 236 N.W. 181 (1931).

Here, the American Charter mortgage was executed and recorded in 1974. The agreement and second mortgage were executed on April 1, 1980. Thus, Vanice did not acquire his encumbrance after the statutory limitations period had run against the American Charter mortgage, as he acquired his mortgage within 10 years of the American Charter mortgage. Therefore, Vanice is not a subsequent encumbrancer under § 25–202.

Accordingly, it is the first 37 words of § 25–202 which control this action, and we have held that under that language, a mortgage on real estate continues as a lien thereon for only 10 years from the maturity of the debt secured unless a payment

has been made thereon or the statute of limitations has otherwise been tolled. *Alexanderson v. Wessmann, supra.*

Having determined that the appropriate period of limitations is 10 years, the question becomes, 10 years from what? The answer is, 10 years from the date the debt secured by the mortgage matured. *Herbage v. McKee*, 82 Neb. 354, 117 N.W. 706 (1908).

Under the present state of the record, the debt is created by the agreement, and it is thus that document which determines when the debt matured. Under the terms thereof and the rules set forth in *Dunlop Tire & Rubber Corp. v. Ryan, supra*, and *Farm Mortgage & Loan Co. v. Beale, supra*, that question is to be determined by the law of Missouri. However, as we have not been presented with that law, it is presumed to be the same as that of this state. *Buckingham v. Wray*, 219 Neb. 807, 366 N.W.2d 753 (1985) (in absence of showing to contrary, common and statutory law of foreign jurisdiction presumed to be same as law of Nebraska). Accord, *State ex rel. Beck v. Associates Discount Corp.*, 168 Neb. 298, 96 N.W.2d 55 (1959), *modified on other grounds*, 168 Neb. 803, 97 N.W.2d 583, *overruled on other grounds, Dailey v. A. C. Nelsen Co.*, 178 Neb. 881, 136 N.W.2d 186 (1965); *Abramson v. Abramson*, 161 Neb. 782, 74 N.W.2d 919 (1956).

The controlling law is thus found in *Grant v. Williams*, 158 Neb. 107, 62 N.W.2d 532 (1954). Therein, the plaintiff loaned money under an oral agreement which did not specify when repayment was to be made. In determining that the action was time barred, we announced that money loaned without agreement as to the time of repayment is due immediately, and the statute of limitations against the lender begins to run at once.

Thus, the statute of limitations expired 10 years after April 1, 1980, more than 29 months prior to the filing of this action. A petition which makes apparent on its face that the cause of action it asserts is ostensibly barred by the statute of limitations fails to state a cause of action and is demurrable unless the petition alleges some excuse which tolls the operation and bar of the statute. *Dalition v. Langemeier*, 246 Neb. 993, 524 N.W.2d 336 (1994). As pled, Vanice's foreclosure action is time

barred; consequently, the operative petition fails to state a cause of action.

However, when a demurrer to a petition is sustained, a court must grant leave to amend, unless it is clear that no reasonable possibility exists that amendment will correct the defect. *Id.* Since the agreement makes reference to a note, the operative petition raises a possibility that there exists a document which sets forth a payment schedule which might change the maturity date of the debt secured by the mortgage. That being so, the district court erred by failing to grant Vanice a further opportunity to amend.

## V. JUDGMENT

Accordingly, the judgment of the district court is reversed and the matter remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.