PSB CREDIT SERVICES, INC., A MINNESOTA CORPORATION, APPELLANT, V. BARRY RICH AND CAROL RICH, HIS WIFE, ET AL., APPELLEES.

552 N.W.2d 58

Filed July 23, 1996. No. A-95-1130.

Michael G. Lessmann and Bruce R. Gerhardt, of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, for appellant.

Donald E. Girard, of Girard and Stack, P.C., for appellees.

HANNON, SIEVERS, and MUES, Judges.

SIEVERS, Judge.

This appeal raises the first impression issue of whether the time for commencement of an action to foreclose on real property under a deed of trust is governed by the 5-year statute of limitations under Neb. Rev. Stat. § 76–1015 (Reissue 1990) or by the 10-year statute of limitations under Neb. Rev. Stat. § 25–202 (Reissue 1995).

## FACTUAL BACKGROUND

On May 25, 1984, Helen M. Elander executed and delivered to American Security Bank of North Platte, Nebraska (Bank), a promissory note in the amount of $250,000. On the same day, as security for this debt, Elander, both individually and as a trustee, executed and delivered to the Bank a deed of trust on real property she owned in Lincoln County, Nebraska. This deed of trust was filed with the register of deeds of Lincoln County on May 29, 1984. On May 30, 1985, Elander and others executed and delivered to the Bank a renewal promissory note in the amount of $260,000, which was payable in 176 days, on November 22, or upon demand.

The last payment under the promissory note held by the Bank was made on April 27, 1987. The trustee under the deed of trust filed a notice of default under trust deed, which was recorded with the register of deeds on April 27, 1994.

On October 30, 1987, the Federal Deposit Insurance Corporation took possession of and title to all assets of the Bank, and on June 3, 1994, PSB Credit Services, Inc. (PSB), purchased the Elander deed of trust and the indebtedness secured thereby. No issues are raised concerning how PSB came to be the creditor.

On March 13, 1995, nearly 8 years after the last payment on the note, PSB filed a petition of foreclosure against the appellees (claimants), electing, pursuant to Neb. Rev. Stat. § 76-1005 (Cum. Supp. 1994), to foreclose the Elander deed of trust in the manner provided by law for the foreclosure of mortgages on real property.

The claimants filed a demurrer to PSB's amended petition, alleging that the action was barred by the statute of limitations. The district court sustained the demurrer, holding that the 5-year statute of limitations provided for in the Nebraska Trust Deeds Act controlled. The district court dismissed the petition as time barred. PSB now appeals.

## STANDARD OF REVIEW

The determination of which statute of limitations applies is a question of law, and the appellate court must decide the issue independently of the conclusion reached by the trial court. *Central States Resources v. First Nat. Bank*, 243 Neb. 538, 501 N.W.2d 271 (1993).

## DISCUSSION

Under the Nebraska Trust Deeds Act, Neb. Rev. Stat. § 76-1001 et seq. (Reissue 1990, Cum. Supp. 1994, & Supp. 1995), if the trustor defaults on the obligation secured by the trust deed, the beneficiary has two alternative methods of enforcement of the underlying debt: nonjudicial sale by the trustee or judicial sale as in a mortgage foreclosure. See § 76-1005. Section 76-1005 provides:

A power of sale may be conferred upon the trustee which the trustee may exercise and under which the trust

property may be sold in the manner provided in the Nebraska Trust Deeds Act after a breach of an obligation for which the trust property is conveyed as security, *or at the option of the beneficiary a trust deed may be foreclosed in the manner provided by law for the foreclosure of mortgages on real property.* The power of sale shall be expressly provided for in the trust deed.

(Emphasis supplied.)

The first alternative allows the trustee to sell the pledged property pursuant to a power of sale provided for in the trust deed. The second alternative allows the beneficiary of a trust deed, when the trustor has defaulted on the underlying obligation, to foreclose on the property named in the trust deed in the same manner as the law provides for the foreclosure of mortgages on real property. The statute gives the creditor the choice. PSB chose to use the foreclosure option.

The Nebraska Trust Deeds Act makes it clear that if the trustee elects to sell the property pledged under the trust deed pursuant to the power of sale, the trustee must sell the property within the time period provided by law for the commencement of an action on the underlying obligation. § 76–1015. When a trust deed secures a promise in writing, as in this case, a trustee proceeding via a nonjudicial sale is required to sell the property under the trust deed within 5 years of the date an action on the underlying promise would have to be commenced. Neb. Rev. Stat. § 25–205(1) (Reissue 1995).

The Nebraska Trust Deeds Act does not, however, contain a specific statute of limitations in the event that a beneficiary exercises the statutory option to foreclose on the property pledged by the trust deed. The claimants argue, and the district court found, that § 76–1015 also controls in such a case.

PSB asserts, however, that the controlling statute of limitations is found at § 25–202, which provides that the statute of limitations applicable to an action for the foreclosure of mortgages on real property is 10 years after the cause of action has accrued. A cause of action on a mortgage accrues, and must be brought, within 10 years of the date the debt secured by the mortgage matures, unless a payment has been made thereon or the statute of limitations has otherwise been tolled. *Vanice v.*

*Oehm,* 247 Neb. 298, 526 N.W.2d 648 (1995). Here, the promissory note matured on November 22, 1985. The Bank, however, received payment after maturity, on April 27, 1987, which tolled the running of the 10-year statute of limitations. See *Vanice v. Oehm, supra.* In any event, PSB filed its petition to foreclose the Elander deed of trust on March 13, 1995, well within the 10-year statute of limitations, irrespective of the tolling of the statute of limitations by the payment on April 27, 1987.

■ When statutory language is plain and unambiguous, no judicial interpretation is needed to ascertain a statute's meaning. *State ex rel. Dept. of Health v. Jeffrey,* 247 Neb. 100, 525 N.W.2d 193 (1994); *Sports Courts of Omaha v. Meginnis,* 242 Neb. 768, 497 N.W.2d 38 (1993); *State v. Crowdell,* 234 Neb. 469, 451 N.W.2d 695 (1990). Section 76-1015 provides that "[t]he *trustee's sale of property under a trust deed* shall be made within the period prescribed by law for the commencement of an action on the obligation secured by the trust deed." (Emphasis supplied.) Section 76-1015 thus clearly applies only to the sale of property by a trustee under a deed of trust. This case, however, does not involve a sale by a trustee under a deed of trust.

Had PSB elected to sell the property under the power of sale provided for in the trust deed, the 5-year limitation period from § 25-205, which § 76-1015 incorporates by reference, would have applied. However, PSB chose the second alternative provided by § 76-1005 and elected to foreclose on the trust deed in the manner provided by law for the foreclosure of mortgages on real property. In Nebraska, it is the court which has the power to decree a sale of the mortgaged premises upon the filing of a petition for foreclosure in order to discharge the amount due. Neb. Rev. Stat. § 25-2138 (Reissue 1995). Sales of mortgaged premises are made by a sheriff, acting in his official capacity, or some other person authorized by the court where the premises are situated. Neb. Rev. Stat. § 25-2144 (Reissue 1995). Importantly, Nebraska law provides for court confirmation of a mortgage foreclosure sale, provided that the sale is in conformity with chapter 25 and that the property is sold for "fair value" or "a subsequent sale would not realize a

greater amount." Neb. Rev. Stat. § 25–1531 (Reissue 1995). These protections for the debtor who has pledged his or her property are not part of a sale by a trustee under a trust deed.

A sale of property by a trustee under a deed of trust is done in an informal, nonjudicial manner. A foreclosure of a mortgage, however, is done formally, through the court, with numerous procedural and substantive protections for the debtor. The claimants' assertion that the statute of limitations set forth in § 76–1015 was intended by the Legislature to apply to each alternative method of selling the real property under a trust deed is simply unsupported by the clear and unambiguous language of the statute, which specifically limits its applicability to a "trustee's sale of property under a trust deed." We hold that the 10–year statute of limitations for foreclosure of mortgages controls the time for commencement of an action for the foreclosure upon property secured by a trust deed when the trustee elects to proceed under the mortgage foreclosure statutes. Obviously, such an election by the creditor "transforms" a trust deed into a mortgage for all intents and purposes. The consequences of the transformation by the creditor's election include greater procedural and substantive protections for the debtor, but the "tradeoff" is a longer statute of limitations for the creditor.

The claimants here support their argument for the 5–year statute of limitations by heavy reliance upon *Sports Courts of Omaha, supra*, which held that the Nebraska Trust Deeds Act's *specific* limitation of 3 months for commencement of a deficiency action would bar an action for deficiency filed 4 years after the liquidation of the security under the trust deed. From *Sports Courts of Omaha*, the claimants draw the conclusion that the Nebraska Supreme Court has considered "the Nebraska Trust Deeds Act [as] an independent act which provides a specific statutory plan to obtain performance of an obligation" and that "it would seem to naturally follow that the statute of limitations provided at § 76–1015 of five years . . . would control over the general 10 year statute of limitations provided in the general mortgage foreclosure statute." Brief for appellees at 29. We disagree. If one can foreclose a trust deed "in the manner provided by law for the foreclosure of mortgages

on real property," such foreclosure naturally includes the right to do so at any time within 10 years of the accrual of the cause of action—in the absence of a specific statutory limitation on such foreclosure emanating from the trust deed. An example of a specific limitation is found in the Utah Code Ann. § 57-1-34 (1994):

> The trustee's sale of property under a trust deed shall be made, or an action to foreclose a trust deed as provided by law for the foreclosure of mortgages on real property shall be commenced, within the period prescribed by law for the commencement of an action on the obligation secured by the trust deed.

Our statute allowing "transformation" of a trust deed into a mortgage is not so specifically limited. We therefore hold that the 10-year statute of limitations applicable to mortgage foreclosures controls the time for commencement of an action to foreclose on real property under a deed of trust. The dismissal of the petition by the district court is reversed.

REVERSED.