KAER P. VANICE III, APPELLANT, V. GARY L. OEHM AND LESLIE OEHM, HUSBAND AND WIFE, ET AL., APPELLEES.

582 N.W. 2d 615

Filed July 31, 1998.   No. S-97-502.

Edward H. Tricker and David A. Hecker, of Woods & Aitken, for appellant.

John R. Doyle for appellees Oehm.

WHITE, C.J., CAPORALE, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ.

MCCORMACK, J.

This case was first heard in 1995. See *Vanice v. Oehm*, 247 Neb. 298, 526 N.W.2d 648 (1995). At that time, appellant herein, Kaer P. Vanice III, had filed an action to foreclose on a mortgage, and Gary L. Oehm and Leslie Oehm (appellees) demurred. The district court for Lancaster County, Nebraska, sustained appellees' demurrer and refused to allow appellant to amend. Because the petition in *Vanice, supra*, made reference to a note which could potentially allow recovery, this court reversed the judgment and issued a mandate instructing the district court to allow appellant to amend. Appellant then filed an action alleging breach of contract referencing a loan agreement and also seeking an order foreclosing the mortgage which had secured the loan agreement. In this action it was disclosed there was not a note. Appellees answered by filing a cross-petition, seeking to quiet title in the real estate which was the subject of the mortgage claim. The district court ruled in favor of appellees, ruling that the equitable doctrine of laches barred appellant's claim for breach of contract and that the foreclosure action was barred by the statute of limitations. Appellant then filed an appeal, and on our own motion, we removed the matter to this court under our authority to regulate the caseloads of the Nebraska Court of Appeals and this court. We reverse the district court's ruling, and remand the matter for a new trial.

## BACKGROUND

In 1980, appellant and appellees entered into an agreement for the purchase and operation of an automobile dealership in Cassville, Missouri. Appellant is the stepfather of Leslie Oehm and the father-in-law of Gary Oehm. Under the agreement,

appellant loaned appellees $50,000 to be used as part of the $200,000 purchase price of an existing dealership in Missouri. Appellant paid the other $150,000 of the purchase price himself. Initially, appellant was to own 75 percent and appellees 25 percent of the stock of the dealership. According to the agreement, the parties formed a Delaware corporation licensed to do business in Missouri as Vanice-Oehm Chevrolet, Inc. (VOCI), with appellant as the majority and voting shareholder, and appellees as nonvoting minority shareholders possessing a 25-percent interest. The agreement stipulated that it would be governed by Missouri law.

The $50,000 loan carried an interest rate of 13.5 percent per annum. As security for the loan, appellees gave appellant a mortgage on real estate appellees owned in Lancaster County, Nebraska. At trial, the parties stipulated that appellees made no loan payments to appellant. Appellees purchased a home in Missouri, and both appellees began working at the dealership. The business was unsuccessful, and in 1982, appellees quit the dealership and left Missouri. Appellant then liquidated the corporation unilaterally, making no attempt to settle with appellees for the value of their shares or providing them with an accounting. For 10 years following the liquidation, appellant made no demand for repayment of the $50,000 loan.

In 1992, appellant filed suit, seeking to foreclose on the mortgage which secured the loan. The district court sustained appellees' demurrer without granting appellant leave to amend. This court held that the mortgage itself provided no schedule of repayments, and as such, the 10-year statute of limitations began to run at the time of the loan. Thus, we reasoned that the statute of limitations expired 10 years after April 1, 1980, more than 29 months prior to the filing of the action. However, we reversed the judgment and remanded the cause because

> when a demurrer to a petition is sustained, a court must grant leave to amend, unless it is clear that no reasonable possibility exists that amendment will correct the defect. . . . Since the agreement makes reference to a note, the operative petition raises a possibility that there exists a document which sets forth a payment schedule which

might change the maturity date of the debt secured by the mortgage.

*Vanice v. Oehm,* 247 Neb. 298, 304, 526 N.W.2d 648, 653 (1995).

In ruling on the claims in the case at bar, the district court found that with respect to the foreclosure of the mortgage, the court was in the same position it was at the time of *Vanice, supra.* Appellant does not challenge the court's decision as to that claim. With respect to appellant's second claim, a claim based upon contract, the court found that "Mo. Rev. Stat. §516.200" applied to toll the statute of limitations while either party resided outside of Missouri. This section of Missouri law provided that the statute of limitations is tolled while appellees are absent from the State of Missouri, which they have been since 1982. Although finding that the contract existed and was breached, the district court applied the doctrine of laches to support a judgment in favor of appellees. The district court held that appellant's claim requesting foreclosure of the mortgage was barred by Nebraska's 10-year statute of limitations, Neb. Rev. Stat. § 25-202 (Reissue 1995), which finding is not challenged in this appeal; that appellant did loan appellees $50,000 to purchase a 25-percent interest in VOCI; that appellant's failure to issue stock to appellees did not constitute a breach or abandonment of that agreement; that the statute of limitations on the contract action was tolled by the Missouri statute of limitations, § 516.200, due to appellees' absence from the State of Missouri; and that appellant's recovery on the contract was barred by the equitable doctrine of laches. Judgment was entered in favor of appellees. The district court did not make a specific finding on appellees' cross-petition to quiet title to the Lincoln real estate in favor of appellees against appellant's mortgage, but one could infer that since the mortgage on the property was held to be unenforceable, this mortgage would not be a claim or cloud against appellees' title. Appellant timely filed this appeal.

## ASSIGNMENTS OF ERROR

Appellant assigns that the district court erred in (1) applying the equitable doctrine of laches because appellees' right to an

accounting, if any, was from the corporation, while the underlying debt ran to appellant personally, and (2) applying the doctrine of laches because appellees failed to prove they were prejudiced by appellant's delay in asserting his rights.

## STANDARD OF REVIEW

A suit for damages arising from breach of a contract presents an action at law. *Bachman v. Easy Parking of America*, 252 Neb. 325, 562 N.W.2d 369 (1997); *VRT, Inc. v. Dutton-Lainson Co.*, 247 Neb. 845, 530 N.W.2d 619 (1995); *Production Credit Assn. v. Eldin Haussermann Farms*, 247 Neb. 538, 529 N.W.2d 26 (1995).

When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Hoiengs v. County of Adams*, 254 Neb. 64, 574 N.W.2d 498 (1998); *Tapp v. Blackmore Ranch*, 254 Neb. 40, 575 N.W.2d 341 (1998); *Brams Ltd. v. Elf Enters.*, 253 Neb. 932, 573 N.W.2d 139 (1998); *Mandolfo v. Chudy*, 253 Neb. 927, 573 N.W.2d 135 (1998); *State ex rel. Garvey v. County Bd. of Comm.*, 253 Neb. 694, 573 N.W.2d 747 (1998); *Johnson v. School Dist. of Millard*, 253 Neb. 634, 573 N.W.2d 116 (1998).

## ANALYSIS

We note at the outset that in the district court this action was for foreclosure of a mortgage on real property and for breach of contract. The action for foreclosure has been abandoned by appellant following an adverse ruling by the district court, and it will not be dealt with herein except to note that the district court's order regarding this matter operates to quiet title and remove any cloud cast upon the title of the property by the claims of appellant. We are left with appellant's assigned errors regarding the district court's application of the doctrine of laches to his breach of contract claim.

With regard to appellant's breach of contract claim, there is no doubt that appellant loaned appellees $50,000, that sum being one-fourth of the purchase price of the Missouri auto dealership. However, what is unclear from the record is what appellant took out of the company upon its liquidation. Appellant argues that there is no evidence in the record to support that anything was taken out of the corporation upon its liq-

uidation. This argument is based upon the testimony of appellant that he did not take anything from the corporation upon its liquidation. However, Gary Oehm testified that the corporation had a net worth of approximately $180,000 upon appellant's liquidation. As such, there is evidence in the record that the VOCI property had substantial value which could have been used to mitigate the loss suffered by appellant on the loan.

However, such evidence becomes irrelevant for purposes of our review herein because of the lack of a cross-petition by appellees alleging breach of contract by appellant. The district court ruled that appellant had proved all the elements necessary to show a breach of the loan agreement, and such finding is not disputed by appellees. However, due to the assertion of the equitable defense of laches, we concern ourselves only with the elements thereof. Both the parties and the district court cite to this court's opinion in *Fritsch v. Hilton Land & Cattle Co.*, 245 Neb. 469, 481, 513 N.W.2d 534, 543 (1994), for the proposition that "the defense of laches is not favored in Nebraska. It will be sustained only if a litigant has been guilty of inexcusable neglect in enforcing a right to the prejudice of his adversary." See, also, *Hanthorn v. Hanthorn*, 236 Neb. 225, 460 N.W.2d 650 (1990). Thus the elements which must be shown for a defendant to successfully assert the doctrine of laches are (1) inexcusable neglect by the plaintiff and (2) prejudice resulting from such neglect.

The district court compared the doctrine of laches to the doctrine of equitable estoppel to explain how laches operates. In defining the doctrine of equitable estoppel, this court has stated:

> When a person, knowing her rights, takes no steps to enforce those rights until the adverse party has, in good faith, changed his position such that he could not be restored to his former state if the rights are enforced, the delay becomes inequitable and the person is estopped from asserting the rights.

*Welch v. Welch*, 246 Neb. 435, 449, 519 N.W.2d 262, 272 (1994). Equitable estoppel, as used by the district court in the present case, may be distinguished from laches in that equitable estoppel prevents a plaintiff from asserting rights against an adverse party when that party has changed his or her position.

Laches does not require that an adverse party affirmatively alter its position. Instead, laches merely requires that circumstances have changed such that the assertion of rights by the plaintiff would prejudice the adverse party.

Appellant concedes that 12 years passed between the time the business was incorporated and the filing of his initial petition in this action. No valid explanation for this delay is given, other than a concern by appellant that if he pursued the action, the property which provided security for the loan would be sold by appellees. The delay in the present case apparently meets the first criterion for the application of the equitable doctrine of laches, that being that there was an unexplained delay by the plaintiff. However, such delay is not legally inexcusable because the breach of contract action was not time barred due to the tolling provision contained in the Missouri statute of limitations. See § 516.200. As such, though the delay by appellant would bar the action under Nebraska law, because the agreement called for the application of Missouri law to any disputes between the parties, the delay by appellant is not legally inexcusable.

A further problem for appellees is the second requirement for the application of the doctrine of laches, that being the question of whether prejudice ran to appellees due to appellant's procrastination. Appellees claim, and the trial court below found, that appellant's delay precluded appellees from asserting and proving that they were owed a share of the assets netted from the liquidation of the corporation. The record clearly indicates that appellees had ample opportunity to enter evidence regarding the liquidation of the corporation but were unsuccessful in doing so. Furthermore, the only fact upon which the district court bases the above conclusion regarding appellees' inability to assert and prove their right to an accounting is the parties' disagreement about the proceeds netted from the liquidation of the corporation. Such disagreement results from nothing more than the passage of time between the agreement and the filing of the present action. No circumstances have changed which may be fairly said to be prejudicial to appellees. The decision of the district court runs afoul of this court's clear statement in *Fritsch v. Hilton Land & Cattle Co.*, 245 Neb. 469, 481, 513 N.W.2d 534, 543 (1994), that "[l]aches does not result from the

mere passage of time, but from the fact that during the lapse of time, circumstances changed such that to enforce the claim would work inequitably to the disadvantage or prejudice of another." See, also, *Kracl v. Loseke*, 236 Neb. 290, 461 N.W.2d 67 (1990). The sole problem interfering with appellees' ability to argue that their damages should be mitigated by any amounts received by appellant from the liquidation of the corporation is the passage of time. Appellees showed neither that circumstances had changed nor that they suffered any prejudice due to anything other than the mere passage of time.

As the present appeal is an action for breach of contract presenting a question of law, this court reviews the decision of the trial court and reaches a conclusion independent of the decision of the trial court. In keeping with our clear precedent, we find that appellees failed to satisfy the elements of the affirmative defense of laches, and the district court improperly barred appellant's claim for breach.

## CONCLUSION

We therefore conclude that the district court erred in ruling that appellant's action for breach of contract was barred by the equitable doctrine of laches.

REVERSED AND REMANDED FOR A NEW TRIAL.

WRIGHT, J., not participating.